*155
 
 Pearson, J.
 

 In 1812, John Walker, sen., the owner of the. land, sold and conveyed it to Hanson Kelly, who, to secure the' purchase money, executed a deed to Walker, to be void on condition that the money was paid
 
 on or before the expiration of three years.
 
 Kelly entered and continued in possession until 1818, when he sold and conveyed to one Tiner, who entered and continued in possession until 1819, when he sold and conveyed to the lessor of the plaintiff, who entered and continued in possession until 1837, when he was evicted by one Campbell who professed to taire possession under a claim from John Walker, jun., (the nephew of John Walker, sen.) Campbell- continued his possession, and, in 1846, John Walker, jun., executed a deed to him in fee. Campbell died in 1850, having by his will devised the land to the defendant. John Walker, sen., died in 1813. By a residuary claim in his will, he gives to his executors
 
 u
 
 all the rest of my property, real and personal, of which I may die-possessed
 
 or have claimi to,”
 
 in trust to deliver the same to his nephew, John Walker, jun., within five years after his death, if his executors, or any two of them, should deem him deserving of it;
 
 e( and declare the same in writing andfile it in the court with tmj will.”
 
 Of the exercise of this power of appointment, no evidence was offered.
 

 The defendant insisted that the plaintiff had failed to show title; for that by the deed of Kelly to John Walker, sen., the legal title vested in him, and was still outstanding in his devisees or heirs. His Honor was of opinion that the lapse of time created a presumption, under the Statute, that the debt secured by the deed was paid when it fell due, and that no reconveyance was necessary to pass the legal title back from John Walter, sen.-,’ to Kelly. To this the defendant excepts.
 

 There is no error. The Statute, (Rev. Stat., ch. 65, sec. 14,) provides that the presumption of payment on mortgages shall arise within ten years after forfeiture or the last payment, on mortgages executed after 1826; and within thirteen years, on mortgages executed before that date, (which is our case.) Here the mortgag- or and those claiming under him had been in possession for more than thirteen years, after the day of forfeiture, and there was a
 
 *156
 
 presumption of payment
 
 at the day when the debt fell dm.
 
 When one is absent and unheard of for more than seven years, there is a presumption of his death; but there is no presumption as
 
 to the time
 
 of the death, for there is nothing to refer it to one time more that to another.
 

 But when there is a presumption of payment, from lapse of time, it is otherwise: for there is a day fixed, when the payment ought to have been made; and if made recently, there would be no difficulty as to the proof. Hence the diversity, (Best on Presumptions, sec. 13T, 140-47, Law Li. 18S, 191,) as there is a presumption of payment at the day. The condition of the deed was performed, and consequently there was no necessity for a re-conveyance. The title revested by force of the condition. It is familiar learning, that if the debt secured is paid on the day of forfeiture, the estate is revested without a reconveyance. If a forfeiture takes place at law, the estate becomes absolute, and then a reconveyance is necessary, as it has become an equitable, as distinguished from a legal right to redeem and have back the. estate; as is the case when part payment, after the day of forfeiture has been made — for the presumption refers to the day of the last payment. But even in such case, it seems clear, that the same grounds which raise a presumption of the payment of the mortgage debt, and consequently of the satisfaction of the mortgage, must necessarily raise a presumption of a reconveyance of the estate created to secure the debt — which has been satisfied. This doctrine has been fully and ably discussed by the late Chief Justice
 
 Ruffin
 
 —Roberts v.
 
 Welch,
 
 8 Ire. Eq., 2S7.
 

 The defendant next insisted that as Campbell took possession in 1837, under color of title, which possession had been continued for more than seven years, her title was thereby perfected. His Honor was of opinion that neither Walker nor Campbell had color of title, until the latter procured a deed from the former, in 1846. To this the defendant excepts. There is no error. We are at a loss to perceive upon what ground the idea of color of title in either Walker or Campbell can be put. Campbell pretended to none in himself, when he entered; but
 
 “
 
 professed to do so under a claim from Walker.” Walker had none, because he
 
 *157
 
 failed to connect himself with the mortgage given to John Walker, sen., by Kelly, inasmuch as he did not show that the executors had ever conferred the legal title on him, by executing the power of appointment. Besides, if they had done so, the mortgage was satisfied, and the legal estate revested in Kelly, by force of the Statute of presumptions, as the Court had decided on the first point. We cannot suppose that it was intended to put the idea of color of title on the ground, that if a man has a deed and malees a conveyance, and afterwards takes possession, he can set up the
 
 old
 
 deed as color of title.
 

 Per Curiam. Judgment affirmed.