MARY A. MOSBY v. M. C. HODGE.

*Mortgage Deed -- Power of Sale.*

Powers of sale in mortgage deeds are looked upon by the Courts with extreme jealousy and whenever there is a controversy between the parties as to the amount due or other complication, the Court will require the foreclosure to be made under judicial direction and after all controverted matters have been adjusted and the balance due fixed.

(*Whitehead* v *Hellen, ante* 99 ; *Korneyay* v. *Spicer, ante* 95, cited and approved )

MOTION to dissolve an Injunction, heard at Chambers in RALEIGH, on the 13th of October, 1876, before *Watts, J.*

The action was commenced in the Superior Court of Warren County, and the plaintiff obtained an order restraining the defendant from selling certain lands under a power contained in a mortgage deed.

The facts stated by the CHIEF JUSTICE in delivering the opinion of this Court are sufficient to an understanding of the points decided.

His Honor in the Court below, upon the pleadings and affidavits of the parties, ordered that the Injunction be dissolved and that the defendant be allowed to proceed according to the terms of the mortgage. From which ruling the plaintiff appealed.

*Messrs C. A. Cook* and *W. W. Jones*, for plaintiff.
*Messrs. Badger & Devereux*, for defendant.

PEARSON, C. J.  In *Whitehead* v. *Hellen* and *Kornegay* v. *Spicer,* decided at this term, the practice of inserting in a mortgage a power of sale by the mortgagee is fully discussed and it is held that such powers are looked upon by the Courts with extreme jealousy, because the mortgagor is thereby put entirely in the power of the mortgagee.

The exercise of the power is only allowed in plain cases when there is no complication and no controversy as to the amount due upon the mortgage debt and the power is given merely to avoid the expense of foreclosing the mortgage by action; but that when there is such complication and controversy, the Court will interfere and require the foreclosure to be made under the direction of the Court, after all the controverted matters have been adjusted and the balance due is fixed, so that the property may be brought to sale when purchasers will be assured of a title and not be deterred by the idea that they are "buying a law suit." That doctrine disposes of this motion to dissolve the injunction upon complaint and answer.

Here the matter is much complicated and the balance due is not ascertained but is the subject of serious controversy.

The deed calls for 750 acres of land which the plaintiff avers is the true quantity.  The defendant avers it contains only about 400 acres.

The plaintiff avers that the $675 ought to be applied to the mortgage debt.  The defendant avers that it has been applied to pay the note of $175 mentioned in the pleadings and $26 for expenses incurred in attempting to make the sale on the 6th of May, 1876, leaving only a balance of $216.26 to be credited on the mortgage debt.

The plaintiff avers that under the Act of 1866, she was not bound to pay the note of $175 which was given as usu-

rious interest when the debt was originally contracted and that she was required to pay this note as a consideration for the forbearance given in May, 1876, which made the transaction usurious and subjected the defendant to a forfeiture to her as the person suing for the same of $5,000 under the Act of 1874–'5, and she claims the excess after discharging the mortgage debt by way of counter claim.

The defendant avers that the note of $175 was not secured by the mortgage, (I confess I am unable to see the force of that) and as it has been paid the Act of 1866 does not bear on it and that he is not chargeable with usury under the Act of 1874–'5 for after that, the mortgage debt only bore 8 per cent interest, and says nothing to the allegation that in order to get the forbearance the plaintiff was required to pay the note of $175 for which she was not bound, but charges fraudulent misrepresentation on the part of Little the surety and agent of plaintiff.

All of these matters show that if the defendant is allowed to sell under his power set out in the mortgage the land cannot bring anything like a fair price and that under "the cloud" he will be the only bidder and will get an absolute title at a nominal price by reason of the right which is given to him in the mortgage deed to bid for the land and acquire an absolute estate.

We will remark that this is an unusual clause in the power of sale; had he been allowed to bid in and hold the land upon the same trust, it would have been well enough to prevent the land from being sold at a sacrifice ; but when to this is added, that by force of his bid, he is to become the absolute owner, it is apparent that he took advantage of a necessitous person and imposed oppressive terms.

There is another ground upon which His Honor ought to have continued the injunction until the hearing. Under the old equity practice, "a common injunction" was dissolved when the answer was responsive and denied the equity

of the bill; but "a special injunction" was continued until the hearing, whenever the answer set out facts, showing that the plaintiff had probable ground to support an equity so as to leave the matter in doubt, treating the bill and the answer as affidavits.

This is "a special injunction." If the defendant is permitted to sell the land under his power, the plaintiff will be turned out of house and home, and the defendant will still hold the balance of his debt over her. In the language of the complaint, "it will result in irreparable damage, if not her entire ruin." Whereas, so far as concerns the defendant, it will only result in a short delay of the collection of his "monies," as Shylock says, for which he has the additional security of $500 injunction bond.

We put out of view the consideration that by not allow-the defendant to sell, he will be disappointed in his calculation of being able to buy the land for less than its value, for that would be an unconscientious gain and we are not at liberty to impute such a motive to him.

There is error in the order dissolving the injunction. There will be an order continuing the injunction until final hearing; and the Court below will direct a reference to the Clerk, to report the amount due on the mortgage debt; and upon the coming in of his report, the questions of usury under the Act of 1866 and under the Act of 1874–'5, can be presented on exceptions. There will also be an order that the Clerk cause the land to be surveyed, so as to fix the number of acres, and upon the confirmation of those reports, there will be a final decree for a sale by the Clerk of that Court.

Error.

PER CURIAM.                    Judgment accordingly.