JACOB KULL & SONS v. W. D. FARMER.

*Promise to Pay Debt Discharged in Bankruptcy.*

1. A parol promise to pay a debt discharged under the Bankrupt Act is a distinct cause of action and the unpaid prior legal obligation, notwithstanding the discharge, is a sufficient consideration to support it.

2. Where the defendant promised to pay such debt more than three years prior to the commencement of the action, and again promised to pay it within three years, and suit was brought upon the latter promise ; *Held,* that the plaintiff was entitled to recover.

(*Falls* v. *Sherrill*, 2 Dev. & Bat. 371 ; *Hornthall* v. *McRae*, 67 N. C. 21 ; *Fraley* v. *Kelly*, Ibid. 78, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1877, of WILSON Superior Court, before *Eure, J.*

The defendant being indebted to the plaintiffs on a promissory note, was, in the year 1868 or 1869, under proceedings instituted in the proper District Court of the United States, declared a bankrupt ; and afterwards by a decree of the Court discharged from his debts. After the adjudication in bankruptcy and before his discharge, the defendant promised to pay the debt, and after his discharge again promised to pay it. Neither of the promises was in writing. This action was commenced more than three years after making the

first, and within three years after making the last promise
to pay the debt.  Upon these facts admitted in the pleadings
or found by the jury, judgment was rendered for the plain-
tiffs and the defendant appealed.

*Messrs. Busbee & Busbee*, for plaintiffs.
*Messrs. Kenan & Murray* and *Geo. M. Smedes*, for defendant.

SMITH, C. J. (After stating the facts as above)  Although
there are conflicting decisions elsewhere, it is a well settled
doctrine in this State, that the legal effect of a new promise
relied on to remove the bar of the statute of limitations, is
to put that impediment out of the way and revive the orig-
inal cause of action.  Hence it is held that a new promise
made after the commencement of suit is sufficient to repel
the statute, and enables the plaintiff to recover.  *Falls* v.
*Sherrill*, 2 Dev. & Bat. 371.  It is otherwise where a promise
is made to pay a debt discharged under the Bankrupt Act.
In this the promise itself becomes or may become the *cause
of action* and the unpaid prior legal obligation, notwithstand-
ing the discharge, is a sufficient consideration to support it.

Where the cause of action has accrued since the adoption
of the Code of Civil Procedure and is barred by lapse of
time, the new promise to have any efficacy must be in writ-
ing.  C. C. P. § 51.  If the plaintiffs had declared on the
first promise and relied on the last, as evidence to remove
the statutory bar, the provision of the Code would apply
and they would fail.  But the plaintiffs rely on the last
promise as constituting the foundation of their right to re-
cover, and this was within three years next before the issu-
ing of the summons.  We see no reason why this cannot be
done ; nor why a consideration sufficient to sustain the one,
is not also sufficient to sustain the other promise ; nor can
we understand how upon any legal principle a complete and
full remedy existing independently, can be lost or impaired

by proof of an unfulfilled prior promise to pay the debt, which if declared on would be barred by the lapse of time. We deem it only necessary to refer to two cases.  *Hornthall* v. *McRae*, 67 N. C. 21 ; *Fraley* v. *Kelly*, Ibid, 78.

No error.

PER CURIAM.                    Judgment affirmed.