B. W. PARKER and others v. A. T. GRANT and others.

*Bankruptcy—Executors and Administrators—Statute of Limita-
tions—Commissions.*

1. A debt provable under the bankrupt act (if not a fiduciary debt)
is extinguished by the discharge in bankruptcy.

2. While an administrator may or may not plead the statute in bar of the recovery of a debt due by his intestate, or retain a debt due himself, though barred, for in such case the obligation continues and the remedy only is suspended, yet he cannot waive the fact of the intestate's discharge in bankruptcy, for in that case the debt is extinguished.

3. An administrator cannot make an extra charge for personal attention to the affairs of the estate.    Commissions are allowed for this service.

(*Withers* v. *Stinson*, 79 N. C., 341; *Blum* v. *Ellis*, 73 N. C., 293; *Knabe* v. *Hayes*, 71 N. C., 109; *Schaw* v. *Schaw*, Tay., 125; *Morris* v. *Morris*, 1 Jones Eq., 326, cited and approved.)

CIVIL ACTION, tried upon exceptions to a referee's report at Spring Term, 1884, of DAVIE Superior Court, before *Gilmer, J.*

The action was brought by the plaintiffs as next of kin of John R. Parker, deceased, against the defendants A. T. Grant and Rebecca Grant (formerly Parker) and others, sureties upon their bond as administrator and administratrix of said deceased.

The next of kin were B. W. Parker, E. N. Parker, L. F. Parker and the defendant Rebecca. Each was entitled to one-fourth of the estate.    B. W. Parker was entitled however to two shares—one in his own right, and the other by purchase of the share of E. N. Parker.

L. F. Parker died, and A. M. Parker is entitled to his share as his administratrix.

The defendants James A. Kelly and James B. Lanier are the sureties on the administration bond of the defendants A. T. and Rebecca Grant.

Pleadings in the case were regularly filed, and at fall term, 1881, the case was referred to G. M. Bingham to take and state an account of the administration of the estate of said intestate, John R. Parker, and a report was made to fall term, 1883.

The defendants offered in evidence before the referee, and claimed the right to be allowed to retain the following debts due to them by their intestate:

1. A judgment rendered in Rowan county court in favor of T. J. Meroney, plaintiff, against John R. Parker, defendant, at May term, 1868, (on the 4th of May, 1868,) for the sum of $1,020.15, and costs, of which judgment the defendant Rebecca claimed to be the owner, but the plaintiffs denied she was the owner. Testimony was offered on that question by both parties.

2. The defendants also claimed to be allowed as a retainer an account due by their intestate to Rebecca, prior to the first day of May, 1868.

The plaintiffs objected to the allowance of these retainers upon the ground that the intestate owed nothing to either of the defendants, and for the further reason that the intestate in his life-time had been duly discharged as an adjudicated bankrupt from all his debts, including the aforesaid alleged debts to the defendants. In support of this defence, the plaintiffs offered in evidence the original discharge in bankruptcy granted to John R. Parker by the district court of the United States for the Cape Fear district of North Carolina, bearing date the 9th of July, 1870, by which it appeared that it was ordered by the court that John R. Parker be forever discharged from all debts and claims, which by said act of bankruptcy are made provable against his estate, and which existed on the 30th of May, 1868, on which day the petition for adjudication was filed by him.

The referee ruled that the discharge in bankruptcy operated a discharge of said judgment and account, which existed prior to the 30th of May, 1868, and refused to allow the defendants credit as retainers for the amount of the same. To this ruling the defendants filed the following exceptions:

PARKER *v.* GRANT.

1. For that the referee refused to allow defendants, in accounting with the intestate's estate, the said judgment, and which .the referee finds belonged to the defendants at the rendition thereof.

2. For that the referee refused to allow the defendants the value of the various articles of personal property claimed by defendant Rebecca to have been retained by John R. Parker, at the time Rebecca married and left his house.

The defendant Rebecca also claimed to be allowed as a retainer the sum of thirty dollars for her services, while acting as administratrix in taking care of the property of her intestate for three months.   The referee allowed this credit and the plaintiffs excepted.

His Honor, upon the argument before him, overruled both of the defendants' exceptions, and sustained the exception of the plaintiffs.  Judgment was accordingly rendered in favor of the plaintiffs and the defendants appealed.

*Messrs. Clement & Gaither*, for plaintiffs.
*Mr. J. A. Williamson*, for defendants.

ASHE, J.  The only question presented for our consideration by the record, is, whether there was any error in the ruling of the court below in disallowing the exceptions taken by the defendants, and sustaining that taken by the plaintiffs.

The first exception is, that the referee refused to allow the defendants to retain the amount of a judgment rendered in the court of pleas and quarter sessions of Rowan county, in 1868, in favor of T. J. Meroney against John R. Parker for $1020.15, which was proved to belong to the defendant Rebecca.

On the trial before the referee, the plaintiffs offered in evidence the proceedings in bankruptcy in the district

court of the United States, bearing date the 9th of July, 1870, by which it was ordered by said court that the said John R. Parker be forever discharged from all debts and claims, which by the act of bankruptcy are made provable against his estate, and which existed on the 30th day of May, 1868.

This judgment was a debt provable under the bankrupt act. It was not a fiduciary debt; nor does it fall within the class of any other non-provable debts. And if provable, it was a final discharge of Parker from the judgment. *Withers* v. *Stinson*, 79 N. C., 341; *Blum* v. *Ellis*, 73 N. C. 293; *Knabe* v. *Hayes*, 71 N. C., 109.

The defendants' counsel, however, contended that pleading bankruptcy was analogous to pleading the statute of limitations, and as no one can plead the statute of limitations to a debt due by his intestate but the administrator, so no other person could set up a defence of a discharge in bankruptcy from a debt due by him. But the analogy does not hold good. It is true, the administrator only can plead the statute in bar of a debt due by his intestate (except the heir when he is sued or another creditor in a creditor's bill), and he may retain for a debt due to himself though barred by the statute of limitations. Williams on Executors, 693. And the reason is the obligation continues, and it is only the remedy which is suspended by the statute, and the administrator may, if he chooses, when sued by a creditor waive the right of relying upon the statute, and pay the debt. And if he may pay the debt to another when he might have pleaded the statute, the same author asks, "why may he not pay himself."

But a debt discharged in bankruptcy has no longer any legal existence. It is extinguished by the discharge; and the only instance in which it has been recognized as having any vitality, is, when after the discharge it is held to be a sufficient moral consideration to support a promise to pay it.

But here there was no promise made by Parker to pay this judgment after his discharge in bankruptcy.

When on the trial before the referee the defendants offered the Meroney judgment in evidence to support a retainer for that amount, it was competent for the plaintiffs to show by any legitimate evidence that the debt was not due, and this they did by showing that the defendants' intestate had been discharged in bankruptcy.

The defendants, as the representatives of John R. Parker, held his assets in trust for themselves and the other next of kin of the intestate, and had no right to waive the fact of his discharge, so as to rehabilitate the defunct judgment and set it up in support of a retainer against the rightful claims of the other next of kin.

The reasons here given for maintaining the ruling of His Honor upon the first exception. of the defendants, apply with equal force to his ruling upon their second exception, which was founded upon his disallowance of the defendants' account against their intestate. For we are of the opinion that it, like the judgment, was extinguished by the discharge in bankruptcy ; for " all demands against the bankrupt for or on account of any goods or chattels wrongfully taken or withheld by him, may be proved and allowed as debts to the amount of the value of the property so taken or withheld, with interest." Bump on Bankruptcy, 492.

As to the exception taken by the plaintiffs, which was sustained by the court, there is no error. Commissions are allowed to administrators and executors for the personal attention which they devote to the estate, and they are not allowed to make an extra charge for it. *Schaw* v. *Schaw*, Tay. 125 (76) ; *Morris* v. *Morris*, 1 Jones Eq., 326.

There is no error. The judgment of the superior court is affirmed.

No error.                                                    Affirmed.