B. F. LONG, Adm'r, *v.* J. S. MILLER et als.

*Infancy — Ratification—Statute of Limitation.*

1. Where, after reaching majority, an infant executes a mortgage to the sureties on a note executed by him during his infancy, to indemnify them, it is a ratification of the debt, and the plea of infancy will not avail.

2. Where one surety makes a payment on a note after the bar of the statute has arisen, it does not revive the debt against the co-sureties.

3. Where property is conveyed to sureties to indemnify them on account of their suretyship, the creditor may pursue the property in their hands and force them to apply it in satisfaction of the debt, although the personal remedy against them is barred by the statute of limitation.

(*Green* v. *Greensboro College*, 83 N. C., 449; *Capehart* v. *Dettrick*, 91 N. C., 344, cited and approved).

CIVIL ACTION, tried before *Montgomery, Judge,* and a jury, at August Term, 1885, of IREDELL Superior Court.

This action, begun on January 25, 1883, by T. S. Tucker, administrator *de bonis non* of Anderson Mitchell, deceased, and, upon his death during the progress of the cause, prosecuted by his successor, the present plaintiff, B. F. Long, is founded upon a promissory note, executed by the defendants, John F. McKee the principal, and the others as sureties, in the form following:

$1,500.00.   One day after date, we promise to pay Anderson Mitchell fifteen hundred dollars, for borrowed money, bearing eight per cent. interest.

> JOHN F. McKEE,
> J. L. McKEE,
> J. S. MILLER,
> S. A. SHARPE.

Jan. 4th, 1876.

Upon the note is an endorsement in the handwriting of the former administrator, Tucker, acknowledging a part payment of one hundred and five dollars, made on May 12th, 1881, the legal effect of which, in connection with the attending facts, as a payment thus appropriated, furnishes the main subject matter of controversy in the suit.

The complaint, in asserting a second cause of action, alleges that the principal debtor, John F., had formed a co-partnership with James L. Colvert, under the firm name of Colvert & McKee, for conducting and prosecuting the business of buying and manufacturing tobacco, which was dissolved by the death of the senior member in February or March, 1877, and, thereupon, the joint effects and joint liabilities devolved upon the survivor; that on May 21 and August 31 of the same year, the said John F. made an assignment to the defendants Miller and Sharpe (the other surety being his father), for their indemnity as such sureties, of a one-half interest in the machinery and implements and a large quantity of tobacco, manufactured and in leaf, the property of the firm; that the assignees hold some of the goods thus conveyed, and have sold other portions of them, and have

the proceeds in their hands, for which they are responsible, and this fund the plaintiff claims a right to subject to the payment of the debt.

The defendants McKee, in their answer, set up the statute of limitation as a bar to the recovery, in addition to which, the said John F. relies upon the defence of his infancy at the time of executing the note.

The other defendants also seek to protect themselves under the statutory limitation against personal liability, and in their answer admit their possession of the trust fund provided in the deeds, and their willingness and intention to apply whatever portion thereof the plaintiff may be entitled to, but they say the fund is claimed by partnership creditors who have instituted an action and are prosecuting it, to have the same applied to their demands, insisting that only what remains after satisfying the liabilities of the firm, can be appropriated to the debt in suit as a means of exonerating the assignees from their surety liabilities. The cause accordingly came on for trial upon the following issues, to-wit :

1. Was the defendant John F. McKee an infant under 21 years of age at the time of the execution of the note?

2. Has the defendant John F. McKee ratified the note since becoming of age?

3. Is the cause of action barred by the statute of limitation as to any of the defendants?

4. How much is plaintiff entitled to recover on his note?

The execution of the note was admitted, and the same was read in evidence. The plaintiff also put in evidence a credit of $105.00 endorsed on said note in the handwriting of T. S. Tucker, aforesaid, and proved that it was in his handwriting, and that he was, at the date of said endorsement, to-wit: May 12th, 1881, the administrator of said A. Mitchell, and it was in evidence that this payment, if made at all, was made by the defendant J. S. Miller, without the knowledge of any of the other defendants.

And as evidence for the plaintiff on the second issue as to the ratification by John F. McKee after his majority, and on the third issue of the statute of limitation as against the defendants. John F. McKee and S. A. Sharpe, the plaintiff put in evidence two mortgages made by the said defendant McKee to Sharpe and Miller, defendants, one dated May 21st, 1877, the other August 31st, 1877, conveying a large amount of valuable property to indemnify and secure them as his sureties on said note, with power to sell the property at public or private sale, and apply the proceeds to the payment of the Mitchell note, and also a written note or order of said John F. McKee, dated November 22nd, 1877, and addressed to said Sharpe and Miller, to sell said property, publicly or privately, and apply the proceeds to the payment of said note.

It was also in evidence by defendant Sharpe, that he and said Miller had sold the said property and had the proceeds thereof in hand, subject to the order of the Court, since 1877.

It was in evidence that said John F. McKee was born May 4th, 1856, and became of age May 4th, 1877.

The plaintiff contended that the defendant John F. McKee, having made said mortgages after he was 21 years old, and having also given the note or order of November 22nd, 1877, to Sharpe and Miller, these were acts of ratification to go to the jury on the 2nd issue. His Honor charged the jury, that there was no evidence of the ratification, and directed the jury to respond to that issue, "No." Plaintiff excepted.

The plaintiff contended as to the 3rd issue upon the statute of limitation, that said mortgages and order being made, executed and given by said John F. McKee, and accepted by Miller and Sharpe from him, and their having said property or its proceeds, ever since 1877, in hand as trustees, they were precluded in equity from setting up the statute of limitation at all, as unjust and inequitable, or that the statute would not run in their favor after the date of said mortgages.

His Honor declined so to hold, and instructed the jury that there was nothing proven to prevent the statute of limitation from running in favor of McKee and Sharpe, and that there was no evidence to rebut the statute of limitation as to them, and his Honor instructed the jury to find that the statute of limitation barred the cause of action as to John F. McKee and S. A. Sharpe, under the 3rd issue.

The plaintiff excepted to the above rulings and instructions of his Honor.

The jury found the issues as follows: On 1st issue, by consent —"Yes."

On 2nd issue, under the instructions of the Court—"No."

On 3rd issue, under the instructions of the Court as to John F. McKee and S. A. Sharpe. (Ans.) "To all except J. S. Miller" [under other evidence and instructions].

On 4th issue, "$2,547.00" (which applies only to Miller).

There was judgment in favor of the plaintiff against Miller.

Plaintiff moved for a new trial as to said John F. McKee and S. A. Sharpe. Motion overruled. Judgment for said defendants McKee and Sharpe. Plaintiff appealed to the Supreme Court from this judgment.

*Messrs. Scott & Caldwell* and *W. M. Robbins,* for plaintiff.
*Messrs. R. F. Armfield* and *D. M. Furches* for defendants.

SMITH, C. J. (after stating the facts). The plaintiff's first exception is to the Judge's charge that there was no evidence furnished, in the two deeds executed by John F. McKee to his sureties, and in the authority afterwards given to them to sell, after his attaining full age, of his ratification of indebtedness on the note.

In the first deed, made the same month in which he arrived at majority, this recital is contained: "Whereas, said Sharpe and Miller are sureties for the said J. F. McKee, on a note payable," &c., describing it accurately.

The second deed made August 31, after conveying certain personal property, proceeds thus: "Now, therefore, the parties of

the second part" (the assignee's sureties) "shall hold and use all
the above conveyed property, for the purpose of paying and dis-
charging said note to which they are surety," and adds authority
to sell, "and apply the proceeds of said sale to the discharge of
said note."

The subsequent written direction, bearing date November 22,
1877, has a provision that "when the note to which they are
surety shall be fully paid off and discharged," then what remains,
if anything, shall be returned to the mortgagor. Thus, the
debtor in both deeds recognizes the obligation of the note as rest-
ing upon his two sureties, and appropriates his own property to
its payment, in order to their relief.

We are not willing to give our consent to the ruling that there
is no evidence of ratification of the debt, if it were a material
element in the cause, but it is rendered unimportant by the sub-
sequent instruction, that as to both the said John F. and the
surety Sharpe, the debt is barred by the statute.

2nd. The exception to the direction given to the jury as to
the effect of the lapse of time, in obstructing the recovery, can-
not be sustained.

The note, not being under seal, became due on the day after
its date, and then the statute ran its full course, Code §155, be-
fore the alleged payment by Miller on May 12, 1881, and this
payment being made after the bar had been interposed, cannot
operate to revive the obligation, and restore the lost remedy
against the others, under the ruling in *Green* v. *Greensboro Fe-
male College*, 83 N. C., 449.

While there is no error entitling the plaintiff to a new trial
as to the three defendants, other than Miller, in so much of the
action as seeks to recover upon the note as a subsisting debt,
there is error in adjudging that they go without day.

The trust fund is undisposed of, and this the plaintiff has a
right to pursue, and recover so much as may be applicable to his
secured debt, and in the disposition of this fund all of them
have, and are admitted to have, a direct interest.

They should therefore remain in the cause until the controversy in relation to it is settled. As to the enforcement of the mortgage to secure it for the discharge of the note, and to the extent of what may be obtained from this source, there is no statutory bar. While the personal action is barred, the action to enforce the mortgage is not, as decided in *Capehart* v. *Dettrick*, 91 N. C., 344.

There is therefore error in the judgment in favor of the three defendants, that they go without day. This will be certified to the Court below to the end that further proceedings be had in the Superior Court of Iredell, according to law, as declared in this opinion.

Error.                                                                 Reversed.