J. P. ARRINGTON et al., Ex'trs, v. A. W. ROWLAND, Ex'tr.

*Principal and Surety—Statute of Limitation—Trusts.*

1. Where a surety pays money for the principal debtor, in the absence of a covenant to repay, it is a debt due by simple contract, and is barred in three years.

2. Although a debt secured by a deed of trust or a mortgage may be barred, yet if the deed of trust or mortgage is not barred, a Court of Equity will enforce it, without regard to the fact that the debt is barred.

3. Where a principal debtor executes a mortgage to his surety to save him harmless for any loss he may sustain by reason of his surety-ship, although the amount is unascertained at the time the mortgage is given, it becomes a debt due by covenant, and is not barred by the lapse of three years from the time the surety pays the money.

(*Capehart* v. *Dettrick*, 91 N. C., 344; cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at Fall Term, 1886, of NASH Superior Court.

The plaintiffs are the executors of the will of A. H. Ar-rington, who died in 1872, and to whom and for whose benefit the deed below set forth was executed.

The defendant is the executor of the will of W. H. Row-land, who died in January, 1886, and who was the maker of the deed referred to above.

The plaintiffs bring this action to recover $4,642.92, with interest thereon (less $130 paid February 18th, 1877,) from

November 1st, 1873, which they were compelled to pay as executors of their testator on account of the suretyship of their testator mentioned and provided for in the same deed below set forth, and they allege that the money so paid by them is embraced by and constitutes part of the indebtedness provided for and secured by the same.

The defendant in his answer, pleads that the alleged cause of action did not accrue within three years next before the bringing of this action, and the same is therefore barred by the statute of limitation.

The following is a copy of the deed above referred to, alleged in the complaint and relied upon by the plaintiffs:

"This indenture, made this 25th of June, 1872, between W. H. Rowland of the one part, and A. H. Arrington of the other part, both of the county of Nash and State of North Carolina, witnesseth, that, whereas, the said W. H. Rowland, with Willis F. Rowland, did qualify as administrators on the estate of Elijah B. Hilliard, at August Term of Nash County Court, in the year 1862, and entered into bond as administrators aforesaid, in the sum of one hundred and fifty thousand dollars, or some other large amount, with said A. H. Arrington, H. G. Williams and L. M. Conyers as sureties on said bond; and whereas, there is a suit pending in the Supreme Court of North Carolina, between the heirs of the said E. B. Hilliard, deceased. as plaintiffs, and said W. H. Rowland and Willis F. Rowland as administrators aforesaid, defendants. the final decision of which suit is involved in uncertainty; and whereas, the result of said suit may involve the said A. H. Arrington and other said sureties, and cause them to be liable to pay and sustain loss on account of said suretyship; and whereas, the said W. H. Rowland is anxiously and honestly desirous to hold the said A. H. Arrington and other said sureties harmless on account of any loss from said suretyship, he, the said W. H. Rowland, agrees to advance and pay over all the funds and assets of every kind belonging to

said estate that may be on hand, to meet any amount the Court may decide is due the said estate, and the said W. H. Rowland agrees to pay all the funds he may have of his own, to meet said decision or judgment of the Court, if necessary to pay the amount, and after the said W. H. Rowland shall have paid over to the said estate all the available assets belonging to said estate, and all the money he may have of his own, then, if there shall still be a balance due the estate, the said A. H. Arrington agrees to advance for the said W. H. Rowland, the said balance, on the following terms, and for the purpose of securing the said A. H. Arrington for any amount he may advance as above, on account of said securityship and for the said W. H. Rowland, with interest, and to hold him, the said A. H. Arrington, and the other said securities harmless, as said W. H. Rowland is honestly desirous of doing, the said W. H. Rowland, for and in consideration of one dollar, to him in hand paid, has this day bargained, sold and delivered unto the said A. H. Arrington, his heirs and assigns, a certain tract or parcel of land in said county of Nash and State of North Carolina, being the land upon which said W. H. Rowland now lives, adjoining the lands of James Tucker, Dr. R. H. Marriott, Rhoda Archibald and Crawford Ricks, and on the north bounded by Beaver Dam Swamp, containing five hundred and seventy-one acres; to have and to hold the same, with all the privileges and appurtenances thereunto belonging, unto him, the said A. H. Arrington, his heirs and assigns forever.

" In trust, nevertheless, and upon the following condition, that the said W. H. Rowland is to remain on the premises and in possession of said land, and to manage and carry on the farming operations according to his own judgment, and whatever amount the said W. H. Rowland can spare after paying expenses of the farm and improvements on the same, he, the said W. H. Rowland, agrees to pay over to the said A. H. Arrington, or his representative, until the amount and

interest the said A. H. Arrington may advance for said W. H. Rowland shall be paid.

"And if the amount and interest that the said Arrington may have to advance for said W. H. Rowland, on account of said suretyship, shall not be paid to said Arrington or his representative, before the death of said W. H. Rowland, the said A. H. Arrington, his executors and administrators, shall sell the said land, after giving due public notice, to the highest bidder on a credit of twelve months, retaining title until purchase money is paid, and the proceeds of said sale shall be applied to the payment of whatever amount may be due the said A. H. Arrington, and if there should be any surplus, the same shall belong to the estate of the said W. H. Rowland. Whenever the said W. H. Rowland shall pay off and satisfy any advances by, or loss to, the said A. H. Arrington, or other said securities, this deed and conveyance shall be null and void; otherwise to remain in full force and effect as above written."

The Court ruled that the action was barred, and the plaintiffs appealed.

*Mr. C. M. Busbee, (Messrs. Benj. Bunn* and *Jacob Battle* also filed a brief,) for the plaintiffs.

No counsel for the defendants.

MERRIMON, J., (after stating the facts). The very purpose of the deed of trust was to recognize and secure an anticipated indebtedness of the testator of the defendants to the testator of the plaintiffs, and others, his co-sureties of the testator of the defendant, that might arise out of the suretyship distinctly mentioned and described.

The defendants' testator covenanted, certainly in effect, and stipulated in the deed, to pay the testator of the plaintiffs the sum of money, whatever it might turn out to be, he might have to pay or advance for him, as contemplated

by the deed, and this as certainly and effectively as if the same had been ascertained and set forth in the deed itself. It was further mutually covenanted between the parties, that the testator of the defendants should have the right to cultivate the land embraced by the deed, if need be, during his life-time, paying off the anticipated indebtedness, so much as he could, after paying the expenses of cultivation, out of the proceeds of the crops to be produced from year to year; and if the indebtedness should not be wholly discharged thus by him, then, after his death, the land should be sold to pay the balance then remaining unpaid.

The covenant to pay the indebtedness provided for, was a continuing one, and the right of the testator of the plaintiffs, or of his executors, to sue, did not accrue until the death of the testator of the defendants. Until then, the plaintiffs could not execute the power of sale contained in the deed, nor could they sue for and recover the money to come due.

In the absence of the deed or other like provision, the money paid by the plaintiffs on account of the suretyship mentioned, would have been a debt due by simple contract, and therefore barred by the statute of limitation; but by the express agreement of the parties to the deed, it becomes a debt due by covenant, due and actionable only at the death of the testator of the defendants.

If the debt secured by the deed of trust had been independent of, and apart from the deed, as contended by the defendants, the plaintiffs could have the right to have the trust executed. The Court would not in that case deny the plaintiffs this remedy, simply on the ground that the debt intended to be secured is barred by the statute of limitation. *Capehart* v. *Detrick*, 91 N. C., 344.

We therefore are of opinion, that there is error, and that the plaintiffs are entitled to a new trial, and so adjudge. To that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                              Reversed.