P. A. HEDRICK, Administrator of W. A. DARR v. ELI BYERLY
AND WIFE, SUSAN BYERLY.

*Action to Foreclose Mortgage—Limitations—Husband and
Wife—Wife's Land as Surety for Husband's Debt.*

1. Although a debt may be barred by the statute, yet a mortgage
   by which the debt is secured, if itself not barred, may be
   foreclosed by the mortgagee in proceedings for that purpose.

2. While a married woman's land, which has been mortgaged to
   secure her husband's debt, is to be treated as a surety, and
   will be discharged by any act of the creditor or principal
   which would release any other surety, yet the fact that
   action on a note signed by husband and wife and secured
   by mortgage on the wife's land is barred as to her, does not
   bar a suit to foreclose the mortgage.

CIVIL ACTION, tried before *Hoke, J.*, at Spring Term,
1896, of DAVIDSON Superior Court. The facts appear in
the opinion of Associate Justice MONTGOMERY. There was
judgment for plaintiff and defendants appealed.

*Messrs. Robbins & Raper*, for plaintiff.
. *Messrs. Walser & Walser* and *R. T. Pickens*, for
defendants (appellants).

MONTGOMERY, J.: This action was commenced on the
6th of August, 1895, to foreclose a mortgage on real estate.
The land conveyed was the property of the *feme* defend-
ant, and the debt that of the husband, evidenced by a
sealed promissory note executed by both of the defendants
and payable on the 1st day of November, 1884. A pay-
ment was made on the debt on the 8th of September, 1893.
The *feme* defendant requested his Honor to hold as matter
of law " that the land mortgaged, being the property of the
wife, put her interest in position of surety to the debt of

the husband. That the demand as to her was barred in three years, and that no act of the husband after the three years had run could renew or continue the lien or mortgage on the land of the wife for the debt of the husband." His Honor refused to so decide as to the mortgage, and held that the payment made by the husband on the debt within ten years from maturity would continue the lien of the mortgage. There was no error in this ruling. "It is well settled by repeated decisions of this Court that where a wife joins her husband in a conveyance of her separate property to secure a debt of the husband, the relation which she sustains to the transaction is that of surety." *Purvis and wife* v. *Carstaphen*, 73 N. C., 575 at p. 581; *Gore* v. *Townsend*, 105 N. C., 228; *Hinton* v. *Greenleaf*, 113 N. C., 6. And it is also true that whatever act which, on the part of a principal, would discharge a surety, would also discharge the property of the wife from liability under a mortgage or deed of trust made to secure the debt of her husband. *Hinton* v. *Greenleaf*, *supra*. But it is to be borne in mind that a married woman cannot, in this State, make a legal contract, either as principal or as surety for her husband, which will bind her real estate.

She can, if she chooses, charge her separate real estate with the payment of a debt of her husband by way of mortgage or deed of trust with privy examination. *Farthing* v. *Shields*, 106 N. C., 289. Therefore, when a married woman charges her separate real estate with the payment of her husband's debt, the land is not conveyed to make good any legal contract that she has made with the creditor, but to secure the husband's contract to make good his debt by a charge on her separate estate. She, by her act, makes no contract, but appropriates the property conveyed in the deed to the payment of her husband's debt, and as long as the mortgage is not barred by the Statute

of Limitations the lands can be subjected to the payment of the debt. And it has been held in the case of *Cross* v. *Allen*, 141 U. S., 528, that the payment of interest by a husband upon his note, secured by a mortgage upon the separate real estate of his wife, operates to keep alive the mortgage security. But, for the sake of the argument, suppose it be admitted that the *feme* defendant's plea of the Statute of Limitations had been a good one and so held by the court below, it could avail her nothing. The Statute of Limitations defeats the remedy when the note is sued upon, but it does not discharge the debt; and, although the debt might be barred by the statute, yet the mortgage by which the debt is secured, if itself not barred, may be foreclosed by the mortgagee in proceedings for that purpose. *Capehart* v. *Dettrick*, 91 N. C., 344; *Arrington* v. *Rowland*, 97 N. C., 127; *Jenkins* v. *Wilkinson*, 113 N. C., 532.

No Error.