MENZEL v. HINTON.

(Filed May 19, 1903.)

MORTGAGES—*Foreclosure of Mortgages—Limitations of Actions—Power of Sale—The Code, Sec. 152.*

The time within which a sale must be made under a power of sale in a mortgage is not limited and is not affected by the fact that the right to sue on the debt is barred.

CLARK, C. J., and DOUGLAS, J., dissenting.

ACTION by P. T. Menzel and others against C. E. & W. E. Hinton heard by Judge *M. H. Justice,* at December (Special) Term, 1902, of the Superior Court of CAMDEN County. From a judgment for the defendants, the plaintiffs appealed.

*G. W. Ward* and *W. M. Bond,* for the plaintiffs.
*E. F. Aydlett,* for the defendants.

CONNOR, J. The Code, Sec. 152(3) provides that the period prescribed for the commencement of "an action for the foreclosure of a mortgage or deed of trust for creditors with a power of sale of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale becomes absolute, or within ten years after the last payment on the same." We are unable to discover in this

language any period of time fixed within which the mortgagee is required to execute the power of sale.    It will be observed that this section prescribed the time for bringing an action, (1) for the foreclosure of a mortgage, (2) or deed in trust for creditors with power of sale.    The instrument executed by Foreman to Hinton is a mortgage containing a power of sale and is not within the language of the statute.    It was not necessary for the mortgagee to institute an action for the foreclosure of the mortgage or the execution of the power; hence no time is fixed by the statute within which he must execute the power.    The word "action" in the paragraph evidently has reference to the action for foreclosure and not to the execution of the power of sale, which requires no action. To construe the statute otherwise would be to write into it language which we do not find there.

It must be conceded that the language used by this court in *Hutaff v. Adrian,* 112 N. C., 259, would seem to sustain the contention of the plaintiff.    In that case, the bond for the security of which the mortgage was given was barred by the statute of limitations, the last payment thereon having been made more than ten years before the threatened execution of the power.    The mortgagor applied for an injunction to restrain the sale by the mortgagee under the power, which was refused.    The only question presented in that case was whether the mortgagor had any equity upon which to base his application for the interference of the court.    The case is correctly decided.    If the execution of the power was not barred by the statute, he was of course not entitled to an injunction; if it was barred and his right to execute the power at an end, the legal title would not pass by the sale.    It will be observed that this case was decided prior to the passage of the Act of 1893, Chapter 6, permitting action to be brought to remove a cloud from title. Clark, J., in that case says: "The court will therefore not

interpose by an injunction merely to prevent a cloud upon the title."

*Hutaff v. Adrian, supra,* is cited in *Smith v. Parker,* 131 N. C., 470. No question was involved in that case regarding the Statute of Limitations, nor was it cited for that purpose. Conceding that an action *in personam* upon the note held by Hinton against Overton was barred by the statute, it would not affect the decision of this cause. It is well settled that an action upon the debt may be barred without affecting the right to maintain an action to foreclose the mortgage given to secure it. *Capehart v. Dettrick,* 91 N. C., 344. This, because the bar of the statute affects only the remedy and not the right. *Parker v. Grant,* 91 N. C., 338; *Rouss v. Dittmore,* 122 N. C., 775; 19 Am. & Eng. Enc., 146; *Sturges v. Crowningshield,* 4 Wheat. 206. Hence it is that in an action upon a debt barred by the statute, for the payment of which a "now and continuing promise" is relied upon, the "cause of action" is the original debt, and the new promise is relied upon to repel the bar. *Falls v. Sherrill,* 19 N. C., 372. In *Kull v. Farmer,* 78 N. C., 339, the distinction betwen an action on a debt barred by the statute and one discharged in bankruptcy is pointed out; in the latter "the cause of action" is the new promise, the old debt being a consideration to support the promise. The reason for the distinction is obvious. Prior to the adoption of our Code, there was no statute of limitations in regard to sealed instruments, bonds and mortgages. There was a presumption of payment or satisfaction after the lapse of ten years. Rev. Code, Ch. 65, Sec. 18. This presumption affected the *right* as distinguished from the *remedy. Copeland v. Collins,* 122 N. C., 619; *Long v. Clegg,* 94 N. C., 764. Of course if the debt is paid or satisfied either by actual payment or by presumption of law, the mortgage which is incidental to the debt is likewise discharged and, in equity, the purpose for which the legal title was con-

veyed being accomplished, would be treated as discharged and the mortgagor, as the owner of the land. *Ray v. Pearce,* 84 N. C., 485; *Edwards v. Tipton,* 85 N. C., 480; *Simmons v. Ballard,* 102 N. C., 109. That such is not the law under our statute of limitations is settled by the uniform and unanimous decisions of this court:

In *Long v. Miller,* 93 N. C., 227 (233), Smith, C. J., said: "As to the enforcement of the mortgage. . . . there is no statutory bar. While the personal action is barred, the action to enforce the mortgage is not, as was decided in *Capehart v. Dettrick." Ijames v. Gaither,* 93 N. C., 364.

In *Arrington v. Rowland,* 97 N. C., 131, Merrimon, J., said: "If the debt secured by the deed of trust had been independent of and apart from the deed, as contended by the defendants, the plaintiffs would have the right to have the trust executed. The court would not, in that case, deny the plaintiffs this remedy, simply on the ground· that the debt intended to be secured is barred by the Statute of Limitations."

Clark, J., in *Taylor v. Hunt,* 118 N. C., 172, said: "The security, when not barred, is enforcible though action on the debt is barred."

Smith, C. J., in *Overman v. Jackson,* 104 N. C., 4 (8), said: "Equally without support is the suggestion that if the debt is barred so must the mortgage to secure it be. These are essentially distinct as affected by the statute of limitations, as is held in *Capehart v. Dettrick* and *Long v. Miller."*

In *Jenkins v. Wilkinson,* 113 N. C., 532, MacRae, J., said: "Indeed, though an action upon the note was barred by the statute, the lien created by the mortgage is not impaired in consequence of the running of the Statute of Limiitations on the debt."

In *Hedrick v. Byerly,* 119 N. C., 420 (422), Montgomery,

J., said: "The statute of limitations defeats the remedy when the note is sued upon, but it does not discharge the debt, and although the debt may be barred by the statute, yet the mortgage by which the debt is secured, if itself not barred, may be foreclosed by the mortgagee in proceedings for that purpose."

Thus we see it uniformly and without dissent held by this court that the right to subject the mortgaged land to the payment of the debt is not affected by the statutory bar of the debt. This is in accordance with the current of authority in other courts.

The question is clearly set forth and discussed in the case of *Goldfrank v. Young,* 64 Tex., 432, in which Stayton, A. J., said: "In reference to the operation of the statute of limitations in any matter in which the recovery of money is sought, the statute itself limits it to 'actions or suits in courts', and it provided within what time 'actions or suits' in the different classes of cases may be brought, but it does not attempt to determine within what period any one must enforce a right which the debtor has placed it in the power of the creditor to enforce otherwise than by an 'action or suit in court'. . . . . The declaration that persons must institute 'suits or actions in courts' within a fixed period to enforce their claims, which can be enforced only in that manner, is not equivalent to declaring that a creditor who has been given by contract a right and means by which he may enforce his claims otherwise than through the courts, shall not enforce it after the time at which he might institute an action or suit, without subjecting himself to the bar which would be urged by a plea of limitation. It is not always true that rights which cannot be enforced through the courts are value-less, nor that contracts which the courts can not enforce are invalid." In this case the Supreme Court of Texas held, "That the statute of limitation which applied to a money

demand operates upon the remedy when its enforcement is sought by 'suits or actions' in courts. It does not deprive the creditor of a remedy when he had provided by contract, to enforce through a trust deed the payment of his claim."

This case was approved in *Fievel v. Zuber,* 67 Tex., 275, the court saying "The statute does not say that no debt shall be collected, but that *no action* shall be brought. Nor does it provide that the debt shall be extinguished. Any statutes of limitation worded like ours are generaly held to operate solelv upon the remedy in the courts and not to destroy the debt." *Tombler v. Ice. Co.,* 17 Texas Civ. App., 596. To the same effect is Hartrauft's Estate, 153 Pa., 540; 34 Am. St. Rep., 717; *Slagmaker v. Boyd,* 38 Pa., 216; *Gardner v. Terry,* 99 Mo., 523; 7 L. R. A., 67. In *Grant v. Burr,* 54 Cal., 298, it is said: "The expiration of the statute time for bringing an action to recover a debt, or to enforce any personal obligation, does not operate as an extinguishment or payment; therefore, where the legal title to land has been conveyed to a trustee to secure a debt, the title and power of the trustee is not affected by the expiration of the period prescribed to bar the debt, and a court of equity will not interfere to enjoin a sale under the deed. The statute of limitations is to be employed as a shield and not as a sword; as a means of defense and not as a weapon of attack."

In *Hayes v. Frey,* 54 Wis., 503, it is held, "The validity of a sale under a power in a mortgage is not affected by the fact that the statute of limitations had run upon the note secured by the mortgage." Jones on Mortgages, Sec. 1204; *Bush v. Cooper,* 26 Miss., 599; 59 Am. Dec., 270.

"Except when the statute expressly or by fair inference destroys the remedy upon the mortgage at the same time that the remedy is destroyed as to the debt, it may be enforced after the statute has run upon the debt, unless the same stat-

utory period is applicable to both." 2 Wood on Limitations, Sec. 223, p. 549; *Harding v. Boyd,* 113 U. S., 765.

"The maker of a trust deed or mortgage with a power of sale cannot enjoin a sale thereunder on the ground that the debt is barred by the statute of limitations; and this is held to be true even in those States where the general rule is that the bar of the debt bars the right to institute suit to foreclose. . . . . For similar reasons when the trustee or mortgagee has sold the mortgaged property under an express power of sale contained in the mortgage or trust deed, the sale can not be set aside on the ground that the debt and the instrument securing it were barred at the time of the sale." 19 Am. & Eng. Enc. (2 Ed.), 178; Minor Inst., Book 3, p. 366.

These authorities conclusively settle the proposition that the right to enforce the mortgage is not affected by the statutory bar of an action in *personam* upon the debt. As we have said, a mortgage containing a power of sale not being within the words of the statute, and therefore the execution of the power not being affected thereby, we can see no reason why the mortgagee may not execute the power at any time. The debt being in existence, unpaid, no court of equity would enjoin the execution of the power upon the theory that there was a presumption of payment of the debt. It is conceded that if it were necessary for the mortgagee to bring an action to invoke the equitable aid of the court to foreclose his mortgage after the expiration of ten years from the last payment on the debt, the mortgagor being in possession, he would be barred because, in that event he would abandon his power of sale and ask for the intervention of the court, which would be compelled to enforce the statutory bar.

The point upon which we rest our decision is, that as the mortgagor has expressly put it in the power of the mortgagee to sell the land for the payment of the debt and thereby relieved him of the necessity of bringing an action for that pur-

pose, his right is not affected by the statute of limitations, which applies only to actions brought for the enforcement of rights. The legislature may, if in its wisdom it should see fit, place the execution of the power of sale, in respect to the time within which it must be exercised, upon the same footing as actions to foreclose a mortgage with power of sale; but we cannot, in the absence of any legislative declaration, make the law. It is ours simply to declare it.

This opinion does not overrule or question *Hutaff v. Adrian, supra,* in respect to the point decided in that case, to-wit, that the plaintiff was not entitled to injunctive relief. In so far as it is said that after the expiration of ten years the mortgage is dead, the right is destroyed we cannot concur.

The judgment of the court below is

Affirmed.

CLARK, C. J., dissenting: The exact point presented in this case has twice been decided in this court, without dissent, and having become a rule of property, men have acted upon it, and its reversal would shake titles which have been acquired in reliance upon these decisions.

In *Hutaff v. Adrian,* 112 N. C., 259 (1893), there was a mortgage with power of sale and more than ten years after maturity of the note, the mortgagee advertised under his power of sale. The court held that upon those facts alleged in the complaint, "the bond and mortgage are alike barred by the Statute of Limitations. The Code, Sec. 152 (2) and (3). *A sale under such mortgage would carry to the purchaser no title.* The plaintiff mortgagor being in possession has a full defense to an action for ejectment. *Capehart v. Biggs,* 77 N. C., 261; *Fox v. Kline,* 85 N. C., 173."

If this had not been so prior to Chapter 6, Laws 1893, a mortgagor in a mortgage with power of sale never would have been protected by the lapse of time. At the last term, by

a unanimous court, *Hutaff v. Adrian* was reviewed and re-affirmed in *Smith v. Parker,* 131 N. C., at p. 471, the court saying: "In *Hutaff v. Adrian* (decided February term, 1893) it was said that taking the allegations of the complaint as true the defendant's bond and mortgage were barred by the Statute of Limitations, hence the purchaser at a mortgage sale would get no title for the mortgage was dead, which is a question of law, and the plaintiff being in possession no injunction would lie merely to prevent such cloud upon title," except for the statute of 1893, Chapter 6, which had been enacted subsequent to *Hutaff v. Adrian.*

The basic reason of these decisions is this: A power of sale is no part of the conveyance, but is merely a power of attorney to do an act which is equivalent to a power to waive judgment in an action, if not barred by payment or other-wise, on the bond and for foreclosure. A power of sale changes in no wise the characteristics and incidents of a mortgage. 2 Pingree on Mortgages, Sec. 1313. When by lapse of time the bond and mortgage are both barred, or the debt has been paid, the power of sale falls and ceases to be of any validity. A party is entitled to take the benefit of the statute, just as he would of actual payment having been made, if he pleads it at the first opportunity. The statute is simply an irrebutable presumption of payment, and, like payment, must be pleaded. If an action has been brought to foreclose this mortgage after the lapse of ten years, the mort-gagor could have pleaded the Statute of Limitations. Only his failure to do so would be a waiver. The absence of the mortgagor from the State suspended the running of the statute as to the action on the bond, but not as to the lien on the land. *Anderson v. Baxter,* 4 Oregon, 105.

When there is a sale under the power of sale, there is no opportunity to plead either the statute or payment, and the mortgagor hence is entitled to do this when an action of

ejectment is brought (as is held in the above cases) because this is his first and only opportunity to plead it as a defense. The action of ejectment not having been brought, the mortgagor is now proceeding, as authorized by Chapter 6, Laws 1893, to bring this action to remove a cloud upon title, in which equitable proceeding he can set up the fact that he would have pleaded the Statute of Limitations if the purchaser had brought an action of ejectment. This is the identical ground which would have authorized him to sustain an injunction to prevent the sale, had he so chosen. He has the election, being in possession, to do either, or to await an action of ejectment, provided he sets up the payment or Statute of Limitations at the first opportunity in proceedings pending in court.

There is no Statute of Limitations against the execution of a power of sale, and none is needed. It is a mere power of attorney. When either payment or the Statute of Limitations can be, and is set up to the debt and mortgage, the execution of the power of attorney is a nullity, for the debt and mortgage have lost their validity, provided the defense is pleaded at the first opportunity. This opportunity may be afforded by an action of ejectment brought by the purchaser, or it may be set up by the mortgagor himself, either in an action for an injunction before the sale, or in an action to remove cloud upon title after the sale, as in this case. The statute, chapter 6, Laws 1893, does not compel an injunction to prevent a sale, but gives relief after sale, when, as here, the claimant does not bring his action of ejectment.

The substantial matter *is* the debt and mortgage, and the mortgage is barred in this case by the lapse of time, and the statute has been pleaded at the first opportunity in a proceeding in court. The power of sale is outside of court, and there was no opportunity afforded to plead the statute to that proceeding, even if there were one. Here, the mortgage be-

came barred 19 February, 1895, being ten years from the last payment. The sale under the power of sale, 4 May 1899, had no efficacy if the purchaser had chosen to bring an action of ejectment and the defendant had pleaded the statute. *Hutaff v. Adrian,* and *Smith v. Parker, supra; Simmons v. Ballard,* 102 N. C., at p. 109. Hence, doubtless, the purchaser did not move. The first proceeding actually in court, in which the statute could be pleaded, is this to remove the cloud upon title. Upon the facts agreed, judgment should have been in favor of the plaintiffs.

It is true that the mortgage is not necessarily barred when the debt is, but when the bar of the statute of limitations can be successfully pleaded to the mortgage, the power of sale (which is a mere power of attorney to dispense with the formality of an action and judgment of foreclosure) is barred because it has nothing to act upon. Powers of sale are not favorites of the law (*Mosby v. Hodge,* 76 N. C., 387) and it would be exceeding strange if when, by reason of the statute of limitations, an action can not be maintained to foreclose the mortgage, a power of attorney to sell without formal decree of foreclosure should put vitality into a mortgage upon which a court is powerless to decree foreclosure.

DOUGLAS, J., dissenting: I am forced to dissent from the opinion of the court for several reasons, principally because it is in direct conflict with the opinion of this court in *Hutaff v. Adrian,* 112 N. C., 259. In that case this court says: "Upon the allegations in the complaint, taken as true, the defendant's bond and mortgage are alike barred by the statute of limitations. A sale under such mortgage would carry to the purchaser no title. The plaintiff mortgagor being in possession has a full defense to an action for ejectment when brought by the purchaser. The court will therefore, not interfere by injunction merely to prevent a cloud upon the title." I have omitted the citations of authority. This is

practically the entire opinion. It is no *dictum* but a clear and explicit enunciation of the essential principle underlying the case. It was delivered ten years ago by a unanimous court, and has since remained without question an established rule of property. It was cited with approval at the last term of this court in *Smith v. Parker,* 131 N. C., 470.

It is suggested that while the *decision* in Hutaff's case was right, the *reasons* given therefor were wrong. This may apply to the rulings of the Superior Court, but not to the opinions of this court, which not only become the settled law of the case, but are published for the guidance of the profession and the people in all future cases of a similar character. If this were not so it would be better that opinions were never written—certainly that they were never published. Mere *per curiam* orders of affirmance would be equally efficient with less danger of harm. I cannot bring myself to say that the learned court that delivered the opinion in Hutaff's case, while expressly basing their decision upon principles essentially erroneous, stumbled blindly upon the right. Not only has that decision since remained unquestioned, but as far as I am informed it is not in conflict with any preceding decision. During the ten years that have elapsed since its rendition the personnel of this court has repeatedly changed, but the unchanging principle has remained with at least the silent acquiescence of five different legislatures. As it has become a settled rule of property, not in violation of any constitutional or natural right, I think it should remain unchanged. It is said that this court has held that the debt may be barred and the mortgage remain valid. Such a decision in no way conflicts with Hutaff's case, nor has it any application to that at bar. If the note is not under seal, it may be barred in three years, and yet the mortgage securing it might not be barred in less than ten years. Regarding the security as merely incidental to the debt, I

have doubted the correctness of this doctrine, but neverthe-
less it is in accordance with our decisions, and would apply
to an action for foreclosure as well as a power of sale. Those
decisions are to the effect that the mortgage, *if itself not
barred,* may be foreclosed by action or sale after the debt is
barred, but they do not go to the extent of holding that the
power of sale exists forever. This is clearly the effect of the
decision in *Hedrick v. Byerly,* 119 N. C., 420, which is cited
by the court.

But if this were an open question why should we decide
otherwise. While statutes of limitation were formerly look-
ed upon with some disfavor, they are now regarded within
proper limits as necessary for the security of property and
peace of society.

Our present statutes of limitation take the place of our
old statutes of presumption, and are in legal effect irrebutable
presumptions, especially when relating to land. They were
intended to strengthen and not to limit the old statutes.
Therefore it may be well to see what was the force and effect
of the preceding statute of presumptions. In *Powell v. Brink-
ley,* 44 N. C., 154, it was held that (quoting the syllabus)
"The statute presumption of payment on mortgages, from
the lapse of time, is payment *at the day* the debt fell due,
and the legal estate revests in the mortgagor without a recon-
veyance." The court by Pearson, J., says in the opinion:
"There was a presumption of payment *at the day when the
debt fell due.* . . . . The condition of the deed was per-
formed, and consequently there was no necessity for a recon-
veyance. The title revested by force of the condition. It is
familiar learning that if the debt secured is paid on the day
of forfeiture, the estate is revested without a conveyance. If
a forfeiture takes place at law, the estate becomes absolute,
and then a reconveyance is necessary, as it has become an
equitable as distinguished from a legal right to redeem and

have back the estate; as in the case when part payment after the day of forfeiture has been made—for the presumption refers to the day of the last payment. But even in such case, it seems clear that the same grounds, which raise a presumption of the payment of the mortgage debt and consequently of the satisfaction of the mortgage, must necessarily raise a presumption of the reconveyance of the estate created to secure the debt—which has been satisfied. This doctrine has been fully and ably discussed by the late Chief Justice Ruffin—*Roberts v. Welch,* 43 N. C., 287." The court evidently followed this line of thought in *Hutaff v. Adrian.*

It is true, sub-section 3 of Section 152 of The Code in terms applies only to *an action* for the foreclosure of a mortgage, but the same rule would apply by analogy with greater force to powers of sale, which, to use the words of Judge Pearson "are looked upon by the courts with *extreme jealousy* because the mortgagor is thereby put entirely in the power of the mortgagee." *Mosby v. Hodge,* 76 N. C., 387.

In *Kornegay v. Spicer,* 76 N. C., 95, the court speaking through the same great jurist says: "A mortgagee with a power of sale is a trustee, in the first place to secure the payment of the debt secured by the mortgage, and in the second place for the mortgagor, as to the excess. The idea of allowing the mortgagee to foreclose the equity of redemption by a sale made by himself, instead of a decree for foreclosure and a sale made under the order of the court, was yielded to, after great hesitation, on the ground that in a plain case, when the mortgage debt was agreed on and nothing was to be done except sell the land, it would be a useless expense to force the parties to come into equity when there were no equities to be adjusted, and the mortgagor might be reasonably assumed to have agreed to let a sale be made after he should be in default. But this power of sale has always been watched with great jealousy." The opinions of Judge Pear-

son are neither misty nor evasive, and the clear meaning of the above quotation is to the effect that a court of equity will not permit the execution of a power of sale when the court would not or could not sell in an action for foreclosure. In other words, a sale by the mortgagee was permitted only to save the expense of an action and *"in a plain case when the mortgage debt was agreed on and nothing was to be done except sell the land."* But we are told that this construction "would be to write into it (the statute) language which we do not find there." I do not see it in that light. The statute does not say that a power of sale may be executed by the mortgagee a hundred or a thousand years after the debt is due, as will be the effect of the opinion of the court. To sustain Hutaff's case we are required neither to write anything into the statute nor to write anything out of it. It is in thorough accord with the general policy of our laws, and is not forbidden by law. Section 3867 of The Code repeals only public and general statutes, and does not profess to interfere with the great principles of legal or equitable jurisprudence. We are constantly recognizing and enforcing pleas in bar not alluded to in The Code—such for instance as "contributory negligence" and "fellow servant."

But if it were ever necessary to write it into the statute, *we* are not called on to do it. It has been done for us, and in the ten years that have since elapsed, it has by the uniform decisions of this court and the continued acquiescence of the legislature, become a settled rule of property under which in all probability lands have been bought, titles have been acquired and homes established that may be swept away by this decision. And for what purpose? Perhaps to follow more closely some ideal rule of logic or to conform to the decisions of some other State? I see no sufficient reason to depart from the time honored maxim of *stare decisis.*