JACKSON, *ex dem.* CURTIS, *against* BRONSON.

EJECTMENT for land in *Onondaga*, tried before Mr. Justice *Yates*, at the *Onondaga* circuit, in *June*, 1821. The lessor of the plaintiff proved a title under *Abijah Earl*, for a lot of 60 acres, by a deed to him, dated 3d of *March*, 1801, duly recorded on the same day, and that the defendant was in possession of six acres of the land. The defendant proved a mortgage from *Curtis* to *Earl*, dated *March*, 1801, of the whole lot to secure payment to the state of 405 dollars and 62 cents, and to indemnify *Earl*. Also, a deed from *Earl* to the defendant for the premises in question, dated 5th of *June*, 1804. A verdict was taken for the plaintiff, subject to the opinion of the Court, on a case, which was submitted to the Court, without argument

A mortgagor in fee may maintain ejectment against the grantee of the mortgagee

ALBANY,
January, 1822.

BANK OF CHE-
NANGO
v.
CURTISS.

*Per Curiam.* It is now well settled, that the mortgagee has a mere *chattel interest :* and the mortgagor is considered as the proprietor of the freehold. The mortgage is deemed a mere incident to the bond or personal security for the debt; and the assignment of the interest of the mortgagee in the land, without an assignment of the debt, is considered in law as a nullity.

In the case of *Runyan* v. *Mersereau,* (11 *Johns. Rep.* 534.) it was decided that the mortgagor, or a purchaser of the equity of redemption, may maintain tresspass against the *mortgagee,* or a person acting under his license. There the defendant pleaded *liberum tenementum ;* and the plaintiff (the purchaser of the equity of redemption) replied, that the freehold was in himself; and there was judgment for the plaintiff. Here, the question is, whether *Curtis,* the mortgagor, can maintain an ejectment against *Bronson,* who appears as a grantee, by deed in fee simple, under the mortgagee.

We are of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.