L. L. JENKINS, Cashier, etc., v. L. A. H. WILKINSON et al.

*Assignment of Mortgage by Delivery—Collateral Security.*

1. A note may be transferred by delivery and without endorsement, the transferee becoming the equitable owner thereof.

2. A note being the principal thing and the mortgage securing it the incident or accessory, the transfer of the note carries with it the security without any formal assignment or delivery or mention, even, of the latter.

3. Although an action on a note be barred by the statute, the lien created by the mortgage given to secure it is not impaired by the running of the statute of limitations on the debt.

4. Where a note was made payable to "J., cashier," and collateral security delivered to him, he being a member and cashier of the firm of "C. & J.," the owners of the debt, an action for the foreclosure of the mortgage security was properly brought in the name of the cashier, he being the holder of the collateral as trustee for the firm.

This was an action brought for the foreclosure of a mortgage given to plaintiff as collateral security by the defendant M. A. Wilkinson, before *Armfield, J.*, at Spring Term, 1893, of LINCOLN Superior Court.

The record shows that this action was brought on the 20th day of June, 1891.

It was in evidence that on the 5th day of January, 1888, the defendant L. A. H. Wilkinson executed a note to the plaintiff in the sum of $800, bearing interest after maturity, and that M. A. Wilkinson endorsed the said note and became surety therefor.

It was in evidence that at the time the $800 note was executed, and at the time M. A. Wilkinson endorsed it, the defendant M. A. Wilkinson placed in the hands of the plaintiff the $900 note and mortgage set forth in the pleadings, as collateral security for the payment of the $800 note, and thereupon the plaintiff paid over to the defendant L. A. H. Wilkinson the money.

1. When the plaintiff offered to show that the $900 note and mortgage were placed in his hands as collateral security, and was a part of the same transaction as the execution of the $800 note, the defendants excepted. Exception overruled. Evidence allowed by the Court.

2. It was in evidence that the defendant L. A. H. Wilkinson was sued on the $800 note at the Fall Term, 1890, of Gaston Court, and that judgment was obtained for $752 and costs, which said judgment has never been paid.

3. As will appear in the pleadings, the $900 note and mortgage placed by M. A. Wilkinson as collateral in the hands of the plaintiff, was executed by L. A. H. Wilkinson and wife, the principals in the $800 note.

4 It was in evidence that the $800 note belonged to a banking firm by the name of Craig & Jenkins, and that the plaintiff, to whom the note was made payable, was cashier of the firm at that time.

5. It was in evidence that no suit had been·brought against M. A. Wilkinson, except the present, and that no relief has been asked as against him, except the foreclosure of this ·mortgage, as the $900 note and mortgage in question were executed to M. A. Wilkinson by L. A. H. Wilkinson and wife.

6. It was in evidence that there was no written transfer of the $900 note and mortgage to plaintiff, but at the time it was given him it was stated that it should be held as collateral security for the payment of the $800 note given by L. A. H. Wilkinson, and endorsed by M. A. Wilkinson at the same time.

His Honor submitted the following issues to the jury, to-wit:

"1. Did L. A. H. Wilkinson and Nannie Wilkinson make and deliver to M. A. Wilkinson the $900 note and mortgage described in complaint?" Answer: Yes.

"2. Did M. A. Wilkinson deliver the $900 note and mortgage to the plaintiff to hold as collateral security for the payment of the $800 note on which judgment was obtained?" Answer: Yes.

"3. Is plaintiff's action barred by statute of limitations?" Answer; No.

The defendants tendered the following issues, which were not submitted to the jury by the Court, to which defendants except:.

"1. To whom was the money loaned?"

"2. Is this action barred by the statute of limitations as to the endorsement on the note given by L. A. H. Wilkinson?"

"3. Was there any writing passed between M. A. Wilkinson at the time of this loan as to the note and mortgage?"

Defendants contend that, inasmuch as there was no written assignment of the note and mortgage to plaintiff nor any stipulation in said mortgage that it was made to secure the note to plaintiff, the plaintiff could not be subrogated to the rights of defendant M. A. Wilkinson; that a mere ver-

bal transfer from the mortgagee to the plaintiff, and no judgment had against the mortgagee, would not authorize the plaintiff to subrogate the plaintiff to the rights of the mortgagee; that inasmuch as the note endorsed by the defendant M. A. Wilkinson is barred by the statute of limitations, and the plaintiff has no claim against the mortgagee M. A. Wilkinson, he has no right to be subrogated to the rights of the mortgagee aforesaid. The defendants further contend that the plaintiff could not maintain this suit, because the note given by L. A. H. Wilkinson and endorsed by M. A. Wilkinson belonged to the firm of Craig & Jenkins and not to the plaintiff.

Judgment for plaintiff. Motion for new trial by defendants. Motion overruled. Defendants appealed.

*Messrs. Jones & Tillett*, for plaintiff.
*Messrs. M. L. McCorkle* and *L. L. Witherspoon*, for defendants (appellants).

McRAE, J.: The first exception is to evidence offered by plaintiff to prove that the $900 note and mortgage were delivered to plaintiff as collateral security for the other note. We suppose that the ground of the objection by defendants was a contention on their part that the note and mortgage could not be transferred by delivery and without writing.

A note may be transferred by delivery and without endorsement. *The Code*, § 177. Such transfer does not pass the legal title according to the law merchant, but the transferee is the equitable assignee thereof. *Miller* v. *Tharel*, 75 N. C., 148; *Jackson* v. *Love*, 82 N. C., 405; *Kiff* v. *Weaver*, 94 N. C., 274; *Carpenter* v. *Tucker*, 98 N. C., 316.

The debt is the principal thing. The mortgage to secure it is the incident or accessory. "Equity puts the principal and accessory upon a footing of equality, and gives to the assignee of the evidence of the debt the same rights in regard to both."

1. The transfer of the note carries with it the security without any formal assignment or delivery, or even mention of the latter. *Carpenter* v. *Lorgan*, 16 Wall., 271. See also Colebrook on Collateral Security, § 141, where a multitude of authorities are cited.

2. The issues submitted by his Honor seem to cover all the real contentions in the case. As to the first issue tendered by defendant, it made no difference to whom the money was loaned, if any money was loaned. The action was brought to foreclose a mortgage made to secure the payment of a note under seal, and transferred to the plaintiff, who, as we shall see, was the proper party to bring the action. The question of the statute of limitations could be fairly presented in all its aspects under the third issue; and it seems that the note itself was barred. Indeed, although an action upon the note was barred by the statute, the lien created by the mortgage is not impaired in consequence of the running of the statute of limitations on the debt. Wood on Limitations, § 222. Clark's Code, § 152 (3), and cases cited, p. 45

3. The defendants contend that the plaintiff could not maintain this suit, because the note given by L. A. H. Wilkinson and endorsed by M. A. Wilkinson belonged to the firm of Craig & Jenkins, and not to the plaintiff. It appears to have been made to the plaintiff L. L. Jenkins, Cashier. It is found that plaintiff was cashier of the banking firm for whose benefit the note was given and the collateral transferred. He was the holder of the collateral as trustee for the firm, and the action was properly brought in his name. *The Code*, § 179.        No Error.