THE STATE, MARGARET BUMSTEAD ET AL., RELATORS, v. THE JUDGES OF MONMOUTH PLEAS.

Where a caveat is entered to a will and the questions involved in the controversy are certified by the Orphans' Court, under section 19 of the Orphans' Court act, into the Circuit Court, the latter court has no power, under the act of March 23d, 1892 (*Pamph. L.*, p. 224), to send the case to the Common Pleas for trial.

On rule to show cause why a *mandamus* should not issue.

Argued at November Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the relators, *Applegate & Hope.*

For the defendants, *Nevius & Wilson.*

The opinion of the court was delivered by

VAN SYCKEL, J. A caveat to the will of Stephen Bumstead, deceased, was filed in the Orphans' Court of the county of Monmouth, whereupon the questions involved in the con-

troversy were certified by said Orphans' Court into the Cir-
cuit Court, in pursuance of the nineteenth section of the
Orphans' Court act.  *Rev., p.* 756.

By order of the Circuit Court, the case was transferred for
trial to the Court of Common Pleas under the act of 1892.
*Pamph. L., p.* 224.

On the trial of the case in the Pleas the issues were found
in favor of the caveators, who thereupon applied to the judges
of the Pleas to certify the proceedings to the Orphans' Court,
in pursuance of the twentieth section of the Orphans' Court
act.

The Court of Common Pleas granted a new trial and
refused to certify to the Orphans' Court as requested.

A rule to show cause why a writ of *mandamus* should not
issue commanding the Common Pleas to certify the verdict
and proceedings was then granted by this court.

The act of March 23d, 1892, entitled "An act to authorize
the transfer of suits from the several county circuit courts to
the several inferior courts of common pleas," provides that
when any suit is or shall be pending in any Circuit Court
of any of the counties of the first and second classes of this
state, it shall be lawful for any justice of the Supreme Court
presiding in that district, at his discretion, to order the pro-
cess, pleadings and other papers pertaining thereto to be
delivered to the clerk of the Inferior Court of Common Pleas
of such county, who is hereby directed to file the same in his
office; and that thereupon the said Inferior Court of Common
Pleas shall have authority to hear and decide said suit and to
proceed therein in like manner as if the same had been origi-
nally brought in said court, provided that said justice of the
Supreme Court may at any time by his order remand said
suit into the Circuit Court from which it shall have been
removed; and thereupon said process, pleadings, minute en-
tries and other proceedings shall be returned to and filed in
said Circuit Court; and said suit shall therein be proceeded
with according to law.

It is manifest that this legislation applies exclusively to

suits instituted in the Circuit Court, where process issued out of the Circuit Court and pleadings are filed in said court in the orderly conduct of the cause.

It has no relation whatever to the trial of an issue sent from the Orphans' Court to the Circuit Court, under the nineteenth section of the Orphans' Court act. In such a case there is an entire absence of process and pleadings in the Circuit Court. There is nothing in the act of 1892 which, by expression or by the remotest implication, gives the Circuit Court authority to deliver anything to the Common Pleas which will invest that court with power to determine the issue involved in the trial of a caveat to a will.

The Common Pleas was without power to hear the case. The entire proceeding is *coram non judice* and void. The case is still pending in the Circuit Court, where it must be tried according to law.

The *mandamus* must be denied, but without costs.