## RICHARDS TRUST CO. v. RHOMBERG.

1. One who purchases a note and mortgage and has her name filed in as indorsee of the note and assignee of the mortgage, and reduces the note and mortgage into her actual possession, is not required to record the assignment, or give notice of the same, in order to protect her interest therein as against subsequent purported assignees of the mortgage.

2. An assignee of a mortgage who takes posesssion of the note and mortgage through her husband as her agent, and has her name filed in as indorsee of the note and assignee of the mortgage, and

leaves the papers in her husband's possession, is not negligent in failing to make inquiries of her husband as to their whereabouts.

3: One buying a mortgage from a person not in possession of either the note or mortgage must exercise more than ordinary diligence to ascertain who is in possession of the note and mortgage, especially when the assignment under which he claims only describes the mortgage, and makes no reference to the note.

4. One who purchases a mortgage without also acquiring the mortgage debt is presumed to know that he takes no title, and cannot claim that he was misled by the fact that a prior assignee of the note and mortgagee, who had reduced the same to her possession, had failed to record her assignment.

(Opinion filed July 12, 1905)

Appeal from circuit court, Beadle county; Hon. CHAS. S. WHITING, Judge.

Action by the Richards Trust Company against Julia Rhomberg. From a judgment for plaintiff, defendant appeals. Reversed.

*Wood & Fairbank,* for appellant.

*Crawford & Taylor,* for respondent.

CORSON, P. J. In 1883 F. T. Walker and Dominic Rhom berg, were partners engaged in the loan and investment business having their principal office at Dubuque, Iowa. During that year they made a loan to one William Bennett, for $400, taking a note therefor secured by a mortgage on a quarter section of land in Beadle county, in this state. The note and mortgage, as was the custom with that firm, was taken in the name of Walker. In 1884 the note and mortgage were assigned to one Kelly, and subsequently within a short time thereafter were reassigned, leaving the name of the payee of the note and the assignment in the mortgage blank. Subse-

quently, in 1888, the defendant having received $450 from an estate in Germany, authorized her husband, Dominic Rhomberg, to invest the same, and he did so by transferring the Bennett note and mortgage to her by inserting her name in the blank in the note and her name in the blank in the assignment of the mortgage, he having been authorized to fill these blanks by Kelly upon the reassignment of the mortgage. From that time until 1901 the note and mortgage remained in the possession of Dominic Rhomberg, husband of the defendant, as her agent, and was kept in the vaults of the office of Walker & Rhomberg. In 1901 this assignment of the mortgage was recorded in Beadle county. In 1889 Walker died, leaving all his property to his widow by will. In 1896 Nelly J. Walker, the widow; executed an assignment of this mortgage to John P. Walker, her nephew, signing the same as executrix and sole devisee of the estate of F. T. Walker, deceased. This assignment was recorded on August 20, 1897. At the time assignment was made Mrs. Walker did not have either the note or mortgage in her possession, and neither she nor any assignees subsequently have had said mortgage or note in their possession. The mortgage has been assigned to different parties by separate assignments, and on July 22, 1901, the mortgage was assigned to the plaintiff, and was recorded on the same day. In none of the assignments under which the plaintiff claims title to the mortgage was the note or debt mentioned.

It will thus be seen that the mortgage and note were executed and delivered to Walker & Rhomberg in 1883; that they were assigned and transferred to one Kelley, who subsequently reassigned the mortgage and indorsed the note in bank, giving authority to Rhomberg to fill up the blanks, that in 1888

the note and mortgage were transferred to the defendant, Mrs. Rhomberg, and her name inserted as payee in the note and assignee in the mortgage, and the note and mortgage remained in the possession of her husband as her agent until the mortgage was forwarded to Beadle county in 1901 in order that the assignment might be recorded; that Mrs. Walker, without having the note or mortgage in her possession, and nearly eight years after the same had been transferred to Mrs, Rhomberg, assigned the same to her nephew, without consideration; that he thereafter assigned the mortgage, and it was transferred to various parties, until in 1901 it was assigned to the plaintiff. This action was commenced to quiet the title of the plaintiff and to cancel the assignments of the mortgage to Mrs. Rhomberg, and was subsequently by amendments converted into an action to foreclose the mortgage, and a decree of foreclosure was entered, in which it was recited that, the court having found as conclusions of law that the ownership of said note and mortgage, subject to the equitable interest of the plaintiff in said mortgage to the extent of the amount paid by the plaintiff for said assignment and interest thereon, is in the defendant herein, and that the plaintiff has an equity in said note and mortgage by reason of its clear record title thereto and the negligence of defendant in failing to record her assignment to the extent of the amount paid by plaintiff for said assignment, to-wit, the sum of $240, and interest thereon from July 22, 1901, making the total interest and equity of the plaintiff in said mortgage to be the total sum of $355.61; and the court thereupon adjudged that out of the proceeds of said sale the plaintiff should be paid that sum. From this judgment and the whole thereof

the defendant has appealed to this court. The question therefore presented by this appeal is: Were the conclusions of law and decree of the court by which the defendant was required to pay the plaintiff out of the proceeds of the mortgage sale the sum of $355.61 warranted by the evidence and findings of the court?

It is contended by the appellant that, as she showed by the undisputed evidence that she became the owner of the note and mortgage a year prior to the death of Mr. Walker, to whom the note and mortgage were originally executed, and the possession of the note and mortgage remaining with her agent, she became the absolute owner of the same, and was not required to place the same upon record, and that her failure to place the same upon record was not such negligence as estops her from claiming the benefit of the note and mortgage. And it is further contended by the appellant that the pretended assignment and transfer of the mortgage by Mrs. Walker was without right, and parties claiming through, or under her were required to investigate the title before taking an assignment of the mortgage, and that, had they done so, they would have discovered that she had no interest whatever in the property. On the other hand, it is contended by the respondent that, as the note and mortgage were executed in the name of Mr. Walker, the husband, and the mortgage was recorded, and, it appearing that Mrs. Walker was the sole devisee of the estate of her husband, deceased, the plaintiff was justified, notwithstanding the absence of the note and mortgage, in purchasing the same from the assignee, claiming under Mrs. Walker, as the defendant, Mrs. Rhomberg, failed to record her assignment of the mortgage or give notice of her

claim thereto, that the plaintiff is entitled in equity to be reimbursed the amount paid by it for the purchase price of this mortgage; and this seems to have been the view of the learned circuit court in making its findings and conclusions of law and judgment in the action. It is contended on the part of the respondent, and there is evidence tending to prove, that the plaintiff made inquiries as to the whereabouts of the note and mortgage, and was informed that the same were lost or stolen, and that the plaintiff used due diligence in endeavoring to discover in whose possession the note and mortgage were at the time of their purchase. We are inclined to take the view that the appellant is right in her contention that, having purchased the note and mortgage with her name filled in as endorsee of the note and assignee of the mortgage, and having the note and mortgage in her actual possession through her husband as her agent, she was not required to record the assignment or give notice of the same in order to protect her interest therein, and we are of the opinion that the plaintiff was guilty of negligence in not making inquiries of Rhomberg as to what had become of the note and mortgage. One buying a mortgage of one not in possession of either the note or mortgage, under the rule of caveat emptor must exercise more than ordinary diligence to ascertain who is in possession of the note and mortgage; and especially is this the case where the assignment under which he claims only describes the mortgage and omits any reference to the note or indebtedness. Ordinarily, the assignment of a mortgage without any transfer of the note or indebtedness that it is given to secure is a nullity, and no title passes to the assignee, as the note or indebtedness is the principal thing, and the mortgage is only an incident thereto.

In Merritt v. Bartholick, 36 N. Y. 44, the Appellate Court of New York held that: "The delivery of a mortgage by the mortgagee, unaccompanied by the bond it was given to secure, as collateral security for a debt of the mortgagee, does not transfer the title to such mortgage. A mortgage is only an incident to the debt it was given to secure, and cannot be separated therefrom, and a transfer of the mortgage without the debt is a nullity." In that case the court says: "As a mortgage is but an incident to the debt which it is intended to secure (Martin v. Mowlin, 2 Burr 969; Green v. Hart, 1 Johns. 580; Jackson v. Blodget, 5 Cow. 202; Jackson v. Bronson, 19 Johns. 325; Wilson v. Troup, 2 Cow. 195, 231; 14 Am Dec. 458; Cooper v. Newland, 17 Abb. Prac. 342), the logical conclusion, is that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it. The security cannot be separated from the debt and exist independently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions. See cases above cited; also Jackson v. Willard, 4 Johns. 41; Aymar v. Bill, 5 Johns. Ch. 570; Langdon v. Buell, 9 Wend. 80." The plaintiff is presumed to know, therefore, that in purchasing a mortgage without the mortgage debt it was acquiring no title thereto, and it cannot, therefore, claim that it was misled by the fact that the real owner of the note and mortgage, and the one in whose possession they were, had failed to record her assignment.

It is quite clear, therefore, that the learned circuit court erred in requiring the defendant to pay to the plaintiff out of the proceeds of the mortgage sale the amount specified in the decree, and that the decree in the case should be reversed, and modified by striking therefrom all that part of the same

requiring the payment of any sum to the plaintiff, and that the judgment should be in favor of the defendant for the foreclosure of her mortgage and the costs of the action; and the court is directed to so amend its judgment.