MILLER v. BERRY *et al* (KUNZ, Intervener).

1. The widow of a deceased partner, as sole legatee and executrix of decedent, before the partnership affairs are settled, has no title to a mortgage executed to decedent as one of the partners; and an instrument executed by her as such legatee and executrix, purporting to assigne the mortgage, is a nulity.

2. A purported assignment of a mortgage, in which no mention is made of the note or indebtedness which the mortgage was given to secure, is a nullity.

3. Where a partnership mortgage was assigned to a creditor of the partnership, but was retained in the possession of the partnership by one of the partners, as financial agent of the assignee, until the death of one of the partners, the failure of the assignee to have the assignment recorded did not estop the assignee from asserting title thereto as against one claiming the mortgage under a purported assignment executed by the widow as sole legatee and executrix of deceased, in whose name the mortgage was executed; the purported assignment by the widow containing no mention of the note or indebtedness secured by the mortgage.

4. The title to a note and mortgage owned by a partnership, though executed in favor of one of the partners, may be transferred on the indorsement of another of the partners.

5. The transfer and delivery of a partnership note by one of the partners to himself as financial agent of a creditor of the partnership is effective to invest the assignee of the note with the title to the mortgage given to secure the note.

(Opinion filed July 12, 1905)

Appeal from circuit court, Hand county; Hon. LORING E. GAFFY, Judge.

Action by William Miller against Franklin J Berry and another (Mary Kunz intervener) From a judgment in favor of plaintiff, intervener appeals. Reversed.

*S. V. Ghrist*, for appellant.
*J. H. Cole* (*M. M. Cady*, of counsel), for respondent.

CORSON, P. J.  This is an appeal by Mary Kunz, intervener, from a judgment and order denying a new trial in favor of the plaintiff, William Miller.  The action was commenced by the plaintiff to foreclose a mortgage executed by the defendant Berry, and D. Rhomberg, was made defendant, as claiming some interest in the property.  Mary Kunz, the intervener and appellant, claims the property by virtue of an assignment made to her of the mortgage executed by Berry, and an indorsement of the note which the mortgage was given to secure, made by the defendant Rhomberg as a partner in the firm of Walker & Rhomberg, who were carrying on the business of loan and investment agents at Dubuque, Iowa.  Berry, the original mortgagor, did not appear in the action.  The mortgage and note were executed by Berry in February, 1884, to F. T. Walker, who was then a partner of Rhomberg's.  Subsequently, in March, 1884, the note and mortgage were sold and transferred to one Martin Byrne.  The note and coupon were indorsed by F. T. Walker in blank, and Walker also executed an assignment of the mortgage on the back of the same, and also an assignment by a separate instrument.  Byrne remained in possesion of the note and mortgage until June 1, 1892, when they were repurchased by the firm of Walker & Rhomberg; and, as the note had been indorsed in bank, he simply handed it back without indorsing it.  When the assignment was r·turned with the note, Rhomberg eraced the name of Byrne, and some time thereafter inserted the name of the appellant, Mary Kunz, and also wrote her name in the blank in·

dorcement of the note, and the note and mortgage were transferred to her on account of a prior indebtedness due her from the firm of Walker and Rhomberg. This assignment to Mrs. Kunz was not recorded until about the time of the commencement of this action. Rhomberg was a brother-in law of the appellant, and was her financial agent; and after this assignment he placed the note and mortgage in the safe of Rhomberg & Walker, and kept them there for her, and they were never actually delivered to her, except as being retained by Rhomberg as her agent. In 1888 Walker died, leaving all his property to his widow, as sole legatee, and the business of the firm seems to have been continued after his death in the name of Walker & Rhomberg. Mrs. Walker seems to have had some connection with the firm after the death of her husband, and made a loan to it of $10,000 or more; but precisely what connection she had with it does not seem clear, as Rhomberg denies that she is a partner. In 1896 Mrs. Walker, as sole legatee and executix of the will of her late husband, made an assignment of said mortgage to the nephew of her husband, John P. Walker, without consideration, who subsequently assigned the same to one Myer who subsequently assigned the same to the plaintiff in the action. The assignment to John P. Walker and from Walker to Myre and from Myer to the plaintiff and respondent herein were recorded at about the time they purported to be executed. Neither Mrs. Walker, John P. Walker, Myer, nor the respondent have had the note or mortgage in their possession. The assignments were made on separate instruments, and in neither of the assignments to Walker, Myer, or the respondent was there any mention of the note or indebtedness which the mortgage was given to secure;

the assignment being simply of the mortgage itself. The appellant filed exceptions to several findings of the court, and proposed findings stating the facts substantially as heretofore narrated, but which were refused by the court. The court stated its conclusions of law in favor of the respondent Miller, and entered judgment thereon, foreclosing the mortgage in his favor. The question, therefore presented is, which of the parties—the respondent or the intervener—was the owner of the note and mortgage originally executed by Berry? It will thus be seen that the facts in the case are substantially the same as those presented in Richards Trust Company v. Julia Rhomberg (decided at the present term of this court) 104 N. W. 268.

It is contended by the appellant (1) that Mrs. Walker had no authority to transfer the mortgage as the legatee and executrix of the estate of her diseased husband; (2) that as her assignment only purported to transfer the mortgage, and not the note or indebtedness which the mortgage was given to secure, the assignment was a nulity; (3) that the respondent, in taking the assignment of the mortgage from one who had not the possession of either the note or mortgage, could not claim as a bona fide purchaser as against the intervenor, notwithstanding her assignment had not been recorded at the time the plaintiff claims to have purchased the mortgage; (4) that the appellant having taken a prior assignment of the mortgage and transfer of the note from Rhomberg, a partner in the firm of Walker & Rhomberg, and he, as her agent and attorney in fact, having retained possession of the note and mortgage for her, her title was good as against that of the plaintiff, without having her assignment recorded prior to the respondent's alleged purchase of the same, and that the court

therefore erred in its conclusions of law and judgment in favor of the respondent. The respondent, on the other hand, in support of the rulings of the court below, contends that, as the note and mortgage were executed to R. T. Walker, he was justified in assuming that the title to the mortgage was in F. T. Walker at the time of his death, and that, as Mrs Walker was the sole legatee and executrix of the estate, she was authorized to transfer the same to John P. Walker, through whom the respondent claims title, and that, by reason of the negligence of the appellant in failing to have her assignment recorded, she is now estopped, as against the respondent, from questioning his title.

We are inclined to agree with the appellant in her contention, and are of the opinion that the court erred in its findings excepted to, and in its conclusions of law and judgment rendered in favor of the respondents and in failing to find as requested by the appellant. It is quite clear from the evidence that the findings requested by the appellant should have been adopted by the court, and that the mortgage, though given to F. T. Walker, was in fact executed in his name for the partnership of Walker & Rhomberg, which furnished the money that the mortgage was given to secure, and that, when he assigned the mortgage to Byrne and transferred the note to him, he did so as a partner in the firm, and that, when Byrne retransferred the note and mortgage back to the firm it became the property of the firm, not only in equity, but in law, and no title to the same passed to Mrs. Walker as sole legatee and executrix in the will, and would not pass to her until all the affairs of the partnership of Walker & Rhomberg were fully settled, which had not been done at the time she assumed to assign the mort-

gag to her nephew John P. Walker. She therefore had no title to the mortgage, and no authority to assign the same, and her assignment was therefore invalid and conveyed no title which could be transferred to the plaintiff. Again, in the purported assignment of the mortgage by her to John P. Walker, no mention is made of the note or indebtedness which the mortgage was given to secure, and it seems to be well settled that an assignment of a mortgage without transferring the note or indebtedness which the mortgage is given to secure is a nullity. Jackson v. Bronson. 19 Johns. 325; Wilson v. Troup, 2 Cow. 195, 231; Aymar v. Bill, 5 Johns. Ch. 570; Merritt v. Bartholick, 36 N. Y. 44; Polhemus v. Trainer, 30 Cal. 685, Ladue v. D. & M. R. Co., 13 Mich. 380; Johnson v. Clarke (N. J. Ch.) 28 Atl. 558; 2 Jones on Mort. § 1376; Am. and Eng. Ency. Law, p. 1029. And as neither of the assignments made by John P. Walker to Myer, and from Myer to the respondent, purport to transfer the note or indebtedness, they were null and void; and the respondent is charged with notice of all those various assignments appearing of record, and consequently acquired no title to the mortgage, or note which it was given to secure. The failure therefore of the appellant to record her assignment does not estop her from showing her title to the mortgage in this action, or her right to forclose the same.

It is contended by the respondent that Rhomberg was not authorized to erase from the assignment of the mortgage the name of Bryan and insert the name of the appellant therein, and hence the assignment of the mortgage was not valid; but this contention is clearly untenable, as Rhomberg, as a partner under the evidence, was authorized to transfer the note, and place therein the name of the appellant as indorse, and there-

by transfer to the appellant the title to the note. This being so, it is a well-established principle that the transfer of the note carries with it the mortgage securing the same; and hence assuming, without deciding, that Rhomberg did not have authority to erase the signature of the assignee, Byrne, and insert the name of appellant, appellant acquired title to the mortgage by virtue of the transfer and delivery of the note. Gumbel v. Boyer, 46 La, 762, 15 South, 84; Jenkins v. Wilkinson, 113 N. C. 532, 18 S. E. 696; Whipple v. Fowler, 41. Neb. 675, 60 N. W. 15; Jackson v. Blodget, 5 Cow. 202; 2 Jones on Mort. § 1377; 3 Ballard, Law of real property, § 526.

The questions, arising in this case were so fully considered and discussed in the case of Richards Trust Company v. Julia Rhomberg, sup-a, that we do not deem it necessary to discuss the questions again in this opinion. There were some questions arising in the case as to the transfer of certain treasurer's tax certificates upon the mortgaged property; but, in the view we have taken of the case, it will not be necessary to consider these tax certificates in this opinion, as the views herein expressed will necessarly guide the court in determining the question of the rights of parties to those various certificates, and the adjustment of their rights as to the payment of the taxes.

Our conclusions necessarily require the reversal of the judgment of the court below; and the same, and order denying a new trial, are reversed, and the court is directed to correct its findings and conclusions, and enter judgment of foreclosure in favor of appellant.