### JACKSON v. ERKINS et al.

(Supreme Court, Appellate Division, First Department. April 16, 1909.)

1. LANDLORD AND TENANT (§ 79*)—ASSIGNMENT OF LEASE AS SECURITY—RIGHTS OF ASSIGNEE—RIGHTS BEFORE DEFAULT.

Where defendant secured a loan from plaintiff by assigning to her a lease to defendant of certain premises and subleases thereon, and made plaintiff his attorney to collect the rents due thereunder and maintain sum-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

116 N.Y.S.—25

mary proceedings for that purpose, plaintiff could collect the rents by summary proceedings or otherwise, though defendant had not defaulted.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

2. LANDLORD AND TENANT (§ 79*) — ASSIGNMENT OF LEASE AS SECURITY — LIABILITIES OF ASSIGNOR—USE OF PROPERTY.

Where defendant secured a loan from plaintiff by assigning to her a lease to defendant of certain premises and subleases, and made plaintiff his attorney to collect the rents and maintain summary proceedings therefor, etc., defendant was impliedly bound to reimburse plaintiff for necessary expenses incurred in proceedings to collect rents, and plaintiff could retain the leases as security for payment of such expenditures after the loan was paid.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

3. PLEDGES (§ 44*)—PAYMENT—EFFECT—RELEASE OF COLLATERAL.

Ordinarily payment of the indebtedness releases the collateral security.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 103–107; Dec. Dig. § 44.*]

4. ATTORNEY AND CLIENT (§ 189*) — ATTORNEY'S LIEN — PROTECTION AGAINST SETTLEMENT BETWEEN PARTIES.

Where, under an assignment of subleases to secure a loan, with power to institute proceedings to collect the rents, plaintiff was entitled to maintain summary proceedings to collect the rents, she could give her attorney a lien on the leases as security for services rendered in bringing such proceedings, and, the attorney having asserted his intention to retain the leases under his lien for services, the subsequent payment of the loan would not affect his right to do so.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 189.*]

Ingraham and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Marie L. Jackson against Henry M. Erkins and others. From an order directing plaintiff's attorney to surrender certain leases assigned to plaintiff as collateral security, plaintiff and her attorney appeal. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Merle I. St. John, for appellants.

Edwin R. Root, for respondents.

LAUGHLIN, J. The order has been made upon the theory that the indebtedness, as collateral security for which the leases were assigned, has been paid; but the plaintiff and her attorney insist that he has a lien on the securities for moneys advanced and for expenses incurred for his client and for his services as attorney and that until such lien is satisfied they have a right to retain the securities.

On the 13th day of February, 1908, the plaintiff loaned to the defendant Erkins $5,000 on the security of a bond, executed by Erkins, conditioned for the repayment of the money one year from that date, and on the further security of a mortgage on certain vacant lots in the county of Westchester and of a mortgage on a leasehold interest which Erkins had in premises at Twenty-Second street and Avenue A, and an assignment of certain subleases of parts of said premises made by the defendant Erkins and of the rents due and to grow due thereunder. On the 24th day of November, 1908, this action was brought

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to foreclose the mortgage given as security for the repayment of the money loaned, on account of a default on the part of Erkins in the payment of taxes upon the premises covered by the leasehold. On the 4th day of December, 1908, the plaintiff, through her attorney, received from Erkins payment in full of the indebtedness secured by the mortgages, and at that time he gave the defendant Erkins a receipt for the money, reciting that it was in full payment of the indebtedness, interest, and costs, and that a satisfaction of the mortgage on the leasehold would be delivered at an early date. At the time the money was loaned Erkins delivered to the plaintiff the lease held by him upon which he gave the mortgage and an assignment in writing of subleases. By this writing Erkins not only assigned the leases made by him to his tenants, but he constituted the plaintiff his attorney in fact "to enter into possession of said premises and in my name or otherwise to collect the rent due under the said leases, and in my name or otherwise to institute legal proceedings to recover the rents due and unpaid, and in my name or otherwise to institute summary proceedings against such of said tenants as may default in the performance of the covenants of his lease, and to relet the premises occupied by such defaulting tenant for the best rent obtainable for the balance of the unexpired term of his lease," and it was recited therein that the assignment was given as collateral security for the faithful performance of the covenants contained in the bond and mortgages, and to become void upon the faithful performance of all of said covenants. In June, 1908, a controversy arose between the parties as to who was entitled to collect the rents. The mortgagee insisted that by virtue of the assignment of the leases she was authorized to collect them, and the mortgagor insisted that her right would only accrue upon a default in the payment of the indebtedness as provided in the bond and mortgages. The plaintiff, acting under said assignment, instituted one dispossess proceeding against a tenant and began five actions for the collection of rent long prior to the commencement of the foreclosure action. In these litigations she made certain disbursements and incurred liability to her attorney for other disbursements and expenses for his services. This proceeding and those actions were pending at the time the mortgage was paid. The lease to Erkins and the subleases made by him, which were assigned to the plaintiff, were in the possession of her attorney for the purpose of instituting such summary proceeding and actions for the recovery of rent.

As we view the assignment, the plaintiff was right in her contention that she was authorized to collect all of the rents, and her rights in that regard did not depend upon a default in the payment of the indebtedness accrued by the bond and mortgages. Having the right to institute the proceeding and actions for the recovery of the possession of the premises leased and of the rent due, she was authorized to give her attorney a lien thereon as security for the services which he rendered at her instance in bringing such proceeding and actions. The right to the possession of those securities and the right to that lien were not affected by the payment of the mortgage. Before the money was received in payment of the mortgage indebtedness, the attorney

for the plaintiff asserted his intention of retaining these securities by virtue of a lien for his services and disbursements and to indemnify his client against the disbursements which she had incurred and the liability which she had incurred to him in instituting the summary proceeding and the actions for rent. Ordinarily, of course, the payment of an indebtedness releases the collateral; but here there was, if not a duty, at least, a right, to act under the assignment of the leases, and there was an implied obligation on the part of the assignor to reimburse the plaintiff for the expenses necessarily incurred by her in bringing proceedings or actions under the assignment of the leases. Therefore, as we view it, the defendant Erkins was not, at the time the motion was made, entitled to a return of the securities, and the motion should have been denied.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). I think this order should be affirmed. If the plaintiff had any right to hold these leases or the claims against the subtenants to secure her for any liability or disbursements incurred in enforcing the claims against the subtenants, that right should have been asserted before she accepted payment of the mortgage and a satisfaction piece and release given. By receipting in full for the payment of the mortgage, the lien of the mortgage became satisfied, and her right to hold the mortgaged premises, or any part thereof, was terminated.

Nor do I think that, as against the mortgagor, the attorney for the mortgagee acquired a lien upon the mortgaged property for any claim that he might have against the plaintiff for services rendered in the action to recover rent from the sublessees. The plaintiff's attorney could not maintain an action against the respondent for the services rendered on the retainer of the plaintiff to collect these rents. The lien is not here asserted as against the plaintiff, she having by the receipt of the amount due on the mortgage discharged the lien, but as against the mortgagor, who had no relation of any kind with the plaintiff's attorney. The foundation of a lien for professional services must necessarily depend upon an enforceable claim against the person who owns the property upon which a lien is claimed.

I think, therefore, the order was properly granted, and should be affirmed.

HOUGHTON, J., concurs.