JACKSON v. EHRSAM.

(Supreme Court, Appellate Term. June 24, 1910.)

PLEDGES (§ 54*)—PAYMENT OF DEBT—EFFECT.

   An assignee of rent due under a lease as collateral for a loan made to the landlord may not prosecute an action against the tenant for rent, where before the tenant's answer the landlord has paid the full amount of the loan and has received a satisfaction piece; the rights of the assignee ceasing after the payment of the debt.

   [Ed. Note.—For other cases, see Pledges, Dec. Dig. § 54.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Marie L. Jackson against August E. Ehrsam. From a judgment for plaintiff, defendant appeals. Reversed and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wilbur F. Earp, for appellant.
Merle I. St. John, for respondent.

BIJUR, J. This action is brought by plaintiff against defendant, who was a tenant of one Erkins under a written lease. Erkins assigned the rents due and to become due under said lease to plaintiff as collateral security for a loan. Notice of the assignment was given to the defendant, who nevertheless continued to pay the rents to Erkins. Thereupon this action was brought. Before the answer was interposed, Erkins paid the plaintiff the full amount of the loan and received a receipt in full and a satisfaction piece, all of which is in evidence under an agreed state of facts.

Under these circumstances, plaintiff had no further interest in the rents, and the complaint should have been dismissed. In Jackson v. Erkins, 131 App. Div. 801, 116 N. Y. Supp. 385, an order having been made directing the attorney of the present plaintiff to surrender the lease and assignments on the ground that the mortgage had been paid, the Appellate Division reversed the same, holding that the attorney had a lien on these papers, which, under the circumstances, was not defeated or impaired by the satisfaction of the debt. In the case at bar, however, we are concerned with the interest of the plaintiff herself in the rents, and such interests have entirely ceased after the payment of the debt to her, and upon her certifying to that effect.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.