## PARRISH v. DWINNELL.

The possession of a negotiable instrument which is payable to order and indorsed by the payee in blank is in itself sufficient evidence of the holder's ownership, rendering payment to him valid unless he is known to the payor to have acquired possession wrongfully.

The written assignment of promissory notes, of which the assignor was not in possession, having been already assigned, could not affect the prior assignment; the second assignee taking such assignment at his peril.

(Opinion filed October 4, 1910.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Suit to quiet title by Lewis E. Parrish against William S. Dwinnell. From the judgment for plaintiff, defendant appeals. Affirmed.

*Robert Burton,* for appellant.   *Schrader & Lewis,* for respondent.

McCOY, J.   The plaintiff, in his complaint, alleged that he is the owner in fee and in the lawful possession of certain real estate situated in Pennington county, and that the defendants wrongfully claim an estate or interest therein adverse to plaintiff, which claim is wholly without right.   To this claim the defendant, William S. Dwinnell, made answer generally denying the allegations of the complaint, but admitting that the plaintiff was in the possession of said real estate, and also alleging as a counterclaim that the plaintiff and his wife, for valuable consideration, on the 16th day of March, 1892, made, executed, and delivered to the Vermont Investment Company their two certain promissory notes dated on that day, and thereby promised to pay to the said Vermont Investment Company, or order, the sum of $1,500, with interest, the first of said notes being for $1,000, due on the 1st day of April, 1897, and the other note being for the sum of $500, due on the 1st day of April, 1897; that to secure the payment of said two promissory notes plaintiff and his wife at the same time executed and delivered to said Vermont Investment Company their real estate mortgage upon and covering said real estate; that the said Vermont Investment Company duly assigned said notes and mortgage to this defendant, Dwinnell, on the 14th day of November, 1907, by written assignment, and this defendant demanded judgment that said mortgage be declared and adjudged to be a first lien upon said land.   To the counterclaim contained in said answer the plaintiff made reply admitting the execution and delivery of said notes and mortgage to the Vermont Investment Company, and alleging that the said note for $1,000 was before the maturity thereof sold, indorsed, transferred, and delivered, by the Vermont Investment Company, together with the said mortgage, to one William H. H. Barker, and that the said note for $500, for a valuable consideration, before maturity, was sold, indorsed, transferred, and delivered by said Vermont Investment Company to one Edwin H. Shattuck, who thereupon became the owners and holders of said notes and entitled to the money

due thereon, and that thereafter, and before the commencement of this action, the plaintiff for valuable consideration, through divers mesne transfers, duly obtained transfer to him from the said William H. H. Barker and Edwin H. Shattuck of said notes and mortgage, and that by reason thereof plaintiff is entitled to have said notes and mortgage and the record of said mortgage canceled.

Upon the trial of said cause, by deposition, one Charles C. Barker testified that: "I am 45 years of age, and a son of William H. H. Barker who lived in Burlington, Vt., since 1866 until his death in 1895. The $1,000 note in question, payable to the Vermont Investment Company, or order, signed by plaintiff and wife, with an assignment in blank on the back thereof, executed by the Vermont Investment Company, by Leverett F. Englesby, and the mortgage securing the same, I had in my possession. I owned said note and mortgage for about eight years. I obtained them from the estate of William H. H. Barker. I bought them of the estate by purchasing the interest of the heirs under decree of the probate court of Chittenden district, state of Vermont, and sold the same in July, 1908, to Thomas H. Doughty. I did not know how long William H. H. Barker had this note and mortgage in his possession before he died. I know my father owned this mortgage and note, because I saw them among his papers previous to his death and heard him speak of them several times." Joel H. Gates, a witness for plaintiff, by deposition, also testified: "I reside at Burlington, Vt., and am president of the Howard National Bank. I am familiar with the signature of Leverett F. Englesby and the name of Leverett F. Englesby, written on the slip of paper attached to the back of the $1,000 note after the words 'The Vermont Investment Company' and before the words 'President,' was written by Leverett F. Englesby, whom I understood to be president of the Vermont Investment Company." Edward H. Shattuck, a witness for plaintiff, by deposition, also testified: "I reside at Waterville, Vt., and am a retired merchant. The note in question for $500 payable to the Vermont Investment Company, signed by plaintiff and wife, I have seen before. I got it from

Leverett F. Englesby. I had it in my possession from the time I got it until I sold it to Mr. Doughty. I paid $500 for it, probably to Mr. Englesby. At the time I purchased this note the assignment upon the piece of paper attached thereto was signed by Leverett F. Englesby thereon." Attached to the back of each of said notes appears the following blank indorsement: "For value received the Vermont Investment Company hereby assigns the within note to ———— and hereby guarantees the payment at maturity of the coupons attached thereto. The Vermont Investment Co., by Leverett F. Englesby, President." It also appears in evidence that Thomas H. Doughty purchased said notes of Barker and Shattuck for and on behalf of plaintiff, and on the trial of said cause the plaintiff produced and had said notes in his possession. The defendant, Dwinnell, offered in evidence a written assignment to him of said notes and mortgage by the Vermont Investment Company by Leverett F. Englesby, president, bearing date November 14, 1907. One Rinehart, an attorney for defendant, Dwinnell, testified that he had made inquiry of Englesby regarding the whereabouts of the notes and mortgage mentioned in said assignment and had been assured by Englesby that the Vermont Investment Company still owned the same. Findings and judgment were in favor of plaintiff. Defendant, Dwinnell, appeals, urging insufficiency of the evidence to justify the findings and judgment, and also assigning many errors in the reception and rejection of evidence.

We are of the opinion that the evidence is amply sufficient to support the findings and judgment. One in possession of a promissory note, under the circumstances of this case, is presumed to be the owner thereof, or to have paid the same. There was no evidence of any kind or character offered by defendant that would impair in any way the effect of such presumption. Dwinnell did not testify, and there is nothing in the case to show but what he knew at all times about the facts in relation to the sale and delivery and possession of said notes by Barker and Shattuck. The burden was upon the defendant to produce evidence sufficient to overcome the presumption arising from the possession of these

notes by plaintiff. The possession of a negotiable instrument which is payable to the order of the payee and is indorsed by him in blank is in itself sufficient evidence of his right to present it and to demand payment thereof. The payment to such person will always be valid unless he is known to the payor to have acquired possession wrongfully. Daniel, Neg. Insts. § 573. In this case the evidence shows that Barker and Shattuck were in rightful possession as the lawful owners of said notes indorsed in blank to them by the original payee, and a second assignment thereof by the payee without possession and while the same were in the possession of Barker and Shattuck could in no manner prejudice their title to such notes. One taking an assignment of notes not in the possession of the assignor, under the circumstances of this case, takes such assignment at his peril, and the burden would be upon him to show that those who were in actual possession of such notes had no lawful right thereto. Richards Trust Co. v. Rhomberg, 19 S. D. 597, 104 N. W. 268.

After careful consideration of all assignments of error relating to the reception and exclusion of testimony, we are of the opinion that the same are without merit, and it would serve no useful purpose to further express our views concerning the same.

The judgment of the circuit court is affirmed.