### JACKSON v. AMERICAN CIGAR BOX CO.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. PLEDGES (§ 19*)—RIGHTS OF PLEDGEE—REIMBURSEMENT FOR EXPENSES.

　　A pledgee, who has incurred expenses in doing what he is under a duty or has a right to do with respect to the pledge, is entitled to be reimbursed, and the mere payment of the face of the principal debt with interest does not of itself release the collateral, but the debt is not fully discharged, except on the payment of the principal and interest, and expenses for which the creditor is entitled to reimbursement, and the mere acceptance of the principal sum and interest will only discharge the debt pro tanto.

　　[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 19.*]

2. ATTORNEY AND CLIENT (§ 192*)—LIEN—RIGHTS OF PLEDGEE.

　　Where a creditor, whose claim was secured by a mortgage and also by leases assigned as collateral, discharged the debt and absolutely satisfied the mortgage, he could not further prosecute an action against the lessees

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for rents under the leases for the purpose of preserving the lien of his attorney, though the action was brought before the satisfaction of the mortgage.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 192.*]

3. ATTORNEY AND CLIENT (§ 186*)—LIEN OF ATTORNEY.

The lien of an attorney on the papers of his client coming into his possession extends only to the interest of the client, and, when that interest terminates, the lien of the attorney terminates.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 186.*]

McLaughlin and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Marie L. Jackson against the American Cigar Box Company. From a judgment for plaintiff entered on decision of the court, defendant appeals. Reversed, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

Edwin R. Root, for appellant.

Merle I. St. John, for respondent.

MILLER, J. The facts in this action were stipulated. On the 13th day of February, 1908, the plaintiff loaned to one Erkins the sum of $5,000 on the latter's bond secured by two mortgages, and at the same time took an assignment of certain subleases by an instrument in writing providing:

"This assignment is given as collateral security for the faithful performance of the covenants contained in a bond and two mortgages all bearing even date herewith executed by Henry M. Erkins and Mary P. Erkins and is to become void upon the faithful performance of all of said covenants."

This action is brought against the lessee to recover the rents accrued under two of said subleases which were paid by the defendant to its lessor after notice of said assignment. On the 4th day of December, 1908, and after an action had been brought to foreclose said mortgages, the said Erkins paid to the plaintiff $5,163 in full payment of the principal and interest secured by said mortgages and of the costs of foreclosure and thereafter received from the plaintiff a satisfaction of the mortgages. The judgment appealed from adjudges that the plaintiff recover of the defendant the sum of $4,190.43 and costs and, after deducting therefrom the sums incurred for disbursements and attorneys' charges, hold the same in trust for the defendant and such other persons as may be equitably entitled thereto. This action was brought before the payment and discharge of the principal debt and the satisfaction of the two mortgages. No supplemental answer was served, but we think the pleadings must be deemed amended to conform to the conceded facts.

The theory of the plaintiff is that, as she had a right to commence the action to collect the rents, it may be prosecuted to final judgment for the purpose of preserving the lien of her attorney for disburse-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments and services notwithstanding the fact that the principal debt, for which she held the leases as collateral, has meanwhile been discharged.

The learned trial court felt constrained by our decision in Jackson v. Erkins, 131 App. Div. 801, 116 N. Y. Supp. 385. That was an action to foreclose said two mortgages. After the payment of the principal sum due and interest and costs, the defendant moved for an order directing the plaintiff's attorney to surrender the leases and assignments, and our decision was that the defendant was not entitled to the return of the security at the time the motion was made. That is very different from deciding that after satisfying the principal debt the plaintiff can maintain an action on a lease pledged as collateral security therefor against a tenant who has already paid the full amount of the rent accrued to its lessor. It did not appear in that case that the mortgages had already been satisfied. A receipt had been given reciting that it was in full payment of the principal, interest, and costs, and that a satisfaction of the mortgages would be given. No one disputes the rule that the payment of the principal debt releases the collateral. Of course, where the pledgee has incurred expenses in doing either what he is under a duty or has a right to do with respect to the pledge, he is entitled to be reimbursed, and the mere payment of the face amount of the principal debt with interest does not of itself release the collateral or discharge the principal indebtedness. The debt is not fully paid and discharged except upon the payment of the amount of the principal together with interest and all expenses for which the creditor is entitled to reimbursement. The mere acceptance of the principal sum and interest would only discharge the debt pro tanto, and there was some evidence in Jackson v. Erkins tending to show that notwithstanding the language of the receipt the payment was not accepted in full settlement and discharge of the indebtedness. But whatever may have been the effect of the receipt, which was then before the court, there can be no doubt upon the present record that the debt has been discharged and the mortgage satisfied. The security cannot exist independently of the principal debt. Jackson v. Bronson, 19 Johns. 325; Merritt v. Bartholick, 36 N. Y. 44; Manne v. Corlson, 49 App. Div. 276, 63 N. Y. Supp. 162; Smith v. Thompson, 118 App. Div. 6, 103 N. Y. Supp. 336.

As between attorney and client, the attorney has a lien upon the papers of the client which come into his possession, but that lien does not extend beyond the interest of the client, and when the interest of the client terminates, of necessity, the lien of the attorney terminates. The attorney must look to his client for compensation. If the client desired to preserve her lien, she should not have satisfied the mortgages or accepted the sum paid as a complete satisfaction and discharge of the principal debt.

The judgment should be reversed, with costs to the appellant, and, as the facts are conceded, judgment should be directed for the defendant dismissing complaint, with costs.

INGRAHAM, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting).   It seems to me that substantially the same question here presented was passed upon by this court in Jackson v. Erkins, 131 App. Div. 801, 116 N. Y. Supp. 385.   That decision was binding upon the trial court, and for that reason judgment was properly directed for the plaintiff.

I am unable, therefore, to concur in the prevailing opinion, and dissent therefrom.

CLARKE, J., concurs.